# Matter of Robert BAUTISTA, Respondent

*Decided October 13, 2011*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Attempted arson in the third degree in violation of sections 110 and 150.10 of the New York Penal Law is an aggravated felony under section 101(a)(43)(E)(i) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(E)(i) (2006), even though the State crime lacks the jurisdictional element in the applicable Federal arson offense. *Matter of Vasquez-Muniz*, 23 I&N Dec. 207 (BIA 2002), followed.

FOR RESPONDENT: Raymond G. Lahoud, Esquire, Easton, Pennsylvania

FOR THE DEPARTMENT OF HOMELAND SECURITY: Robert D. Tennyson, Associate Legal Advisor; Brian G. McDonnell, Assistant Chief Counsel

BEFORE: Board Panel: GRANT, MALPHRUS, and MULLANE, Board Members.

MULLANE, Board Member:

In a decision dated February 8, 2011, an Immigration Judge found the respondent ineligible for discretionary relief and ordered him removed from the United States. The respondent has appealed from that decision, arguing that he is eligible for cancellation of removal under section 240A(a) of the Immigration and Nationality Act, 8 U.S.C. § 1229b(a) (2006). The Department of Homeland Security ("DHS") opposed the appeal, and the Board heard oral argument on August 10, 2011.[1] The appeal will be dismissed.

## I. FACTUAL AND PROCEDURAL HISTORY

The respondent, a native and citizen of the Dominican Republic, was admitted to the United States as a lawful permanent resident in August 1984. On June 5, 2003, he was convicted in New York of attempted arson in the third degree in violation of sections 110 and 150.10 of the New York Penal Law, for which he was sentenced to 5 years' probation.

---

[1] After oral argument, the DHS filed a motion to expedite, which we have considered in our prompt adjudication of this detained case.

On September 13, 2009, the respondent was stopped at the airport when he was returning to the United States from the Dominican Republic, and he was paroled into the country pending a secondary inspection. On March 25, 2010, the DHS issued a Notice to Appear (Form I-862) and instituted removal proceedings against the respondent, charging that he is removable because he is inadmissible under section 212(a)(2)(A)(i)(I) of the Act, 8 U.S.C. § 1182(a)(2)(A)(i)(I) (2006), as an alien convicted of a crime involving moral turpitude.

At a hearing before the Immigration Judge, the respondent admitted the allegation that he was convicted of attempted arson, but he denied the charge of inadmissibility. The Immigration Judge determined that the respondent is inadmissible to the United States as charged.

The DHS filed a motion to pretermit the respondent's applications for cancellation of removal under section 240A(a)(3) of the Act and a waiver of inadmissibility under section 212(h), arguing that his crime of arson corresponded to the offenses described in 18 U.S.C. §§ 844(f)(1) and (i) (2006) and was therefore an aggravated felony under section 101(a)(43)(E)(i) of the Act, 8 U.S.C. § 1101(a)(43)(E)(i) (2006). Although the Immigration Judge initially denied the motion, the DHS filed a motion to reconsider, which was granted by the Immigration Judge. In his February 8, 2011, decision, the Immigration Judge incorporated his previous rulings and ordered the respondent removed to the Dominican Republic. The respondent has appealed, arguing that the New York offense of attempted arson in the third degree is not an aggravated felony and that he remains eligible to apply for cancellation of removal.[2]

## II. ISSUE

The issue in this case is whether the offense of attempted arson in the third degree in violation of sections 110 and 150.10 of the New York Penal Law is a crime "described in" section 101(a)(43)(E)(i) of the Act and is therefore an aggravated felony, which precludes the respondent from establishing eligibility for cancellation of removal under section 240A(a)(3) of the Act. We review this question of law de novo. 8 C.F.R. § 1003.1(d)(3)(ii) (2011).

---

[2] The respondent has not raised on appeal the question of his eligibility for a waiver of inadmissibility under section 212(h) of the Act.

## III.  ANALYSIS

The term "aggravated felony" is defined in section 101(a)(43) of the Act. The specific provision at issue in this case is section 101(a)(43)(E)(i), which includes within the definition of an aggravated felony

> an offense described in—
>     (i) section 842(h) or (i) of title 18, United States Code, or section 844(d), (e), (f), (g), (h), or (i) of that title (relating to explosive materials offenses) . . . .

Furthermore, the final paragraph of section 101(a)(43) states the following regarding the definition of an aggravated felony:

> The term [aggravated felony] applies to an offense *described in this paragraph whether in violation of Federal or State law* and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years.  Notwithstanding any other provision of law (including any effective date), the term applies regardless of whether the conviction was entered before, on, or after the date of enactment of this paragraph.

(Emphasis added.)

Under the categorical approach set forth in *Taylor v. United States*, 495 U.S. 575, 600 (1990), to determine if the respondent's State offense of attempted arson is a crime "described in" the aggravated felony provision at section 101(a)(43)(E)(i) of the Act, we compare the crime he was convicted of with the Federal crimes set forth in that section, which Congress has designated as aggravated felonies.  Under section 150.10 of the New York Penal Law, a "person is guilty of arson in the third degree when he intentionally damages a building or motor vehicle by starting a fire or causing an explosion."  Section 101(a)(43)(E)(i) of the Act states that "an offense described in . . . [18 U.S.C. §§] 844(d), (e), (f), (g), (h) or (i) . . . (relating to explosive materials offenses)" is an aggravated felony.  Specifically relevant to this case is § 844(i), which provides in pertinent part as follows:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property *used in interstate or foreign commerce* or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . .

(Emphasis added.)  Also of significance is § 844(f)(1), which reads as follows:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other personal or real

> property in whole or in part possessed by, or leased to, the United States, or any department or agency thereof, or any institution or organization receiving Federal financial assistance, shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both.

The respondent argues that his violation of section 150.10 of the New York Penal Law does not qualify as an aggravated felony because 18 U.S.C. § 844(i) deviates from the New York statute in that an essential element of the Federal crime involves a finding that the property damaged was used in interstate commerce.[3] His claim is that section 150.10 is not "described in" § 844(i), which is referenced in section 101(a)(43)(E)(i) of the Act, because the interstate commerce requirement is an essential element of the crime.[4]

We considered a similar issue in *Matter of Vasquez-Muniz*, 23 I&N Dec. 207, 211-12 (BIA 2002). In that case, the respondent was convicted of "'possession of a firearm by a felon—one prior' in violation of section 12021(a)(1) of the California Penal Code." *Id*. at 208. The issue was whether that conviction was "described in" 18 U.S.C. § 922(g)(1) (1994), a provision listed in section 101(a)(43)(E)(ii) of the Act. *Id.* If it was, then the conviction was for an aggravated felony under the Act. We noted that the State and Federal crimes were "substantially the same," but the State crime did not include the final element of the Federal crime—"affecting interstate or foreign commerce." *Id.* at 210. We summarized the interpretative question this way:

> [T]he key to the meaning of the Act is to determine whether section 101(a)(43)(E) encompasses a state crime having no federal jurisdictional element, such as the respondent's offense, as a crime "described in" the enumerated federal statutes. If so, the purely "jurisdictional element" of the federal statute loses its significance for determining whether the state crime is an aggravated felony.

*Id*.

We observed that the penultimate sentence in section 101(a)(43) of the Act, quoted above, had special significance for resolving the question. This provision was significant because it meant that "the crimes specified are aggravated felonies regardless of whether they fall within the jurisdiction

---

[3] The respondent also asserts that his violation of section 150.10 does not qualify as an aggravated felony because 18 U.S.C. § 844(f) deviates from the New York statute in that an essential element of the crime involves a finding that personal or real property in whole or in part was possessed by or leased to the United States, or any department or agency thereof. Given our conclusion regarding 18 U.S.C. § 844(i), we do not need to reach this issue.

[4] The respondent has the burden of proof to show that he is eligible for cancellation of removal. 8 C.F.R. § 1240.8(d) (2011). This is of no practical significance here because the question before us is purely a legal one.

of the federal government, a state, or, in certain cases, a foreign country." *Id*. at 211. In order to give meaning to this sentence, we said "it must render irrelevant any purely jurisdictional element appearing in the crimes enumerated." *Id*. at 212. Noting the rarity of a State crime including a Federal jurisdictional element, we reasoned that "virtually no state crimes would ever be included in section 101(a)(43)(E), despite the statute's language." *Id*.

Furthermore, relying on section 241(a)(4)(B)(ii) of the Act, 8 U.S.C. § 1231(a)(4)(B)(ii) (Supp. V 1999), we said its exception "for those aliens who are *confined by a state pursuant to a final conviction for an offense described in section 101(a)(43)(E)*" would be superfluous. *Id*. We made a similar point regarding foreign offenses because they, too, would rarely "contain jurisdictional elements similar to those appearing in our federal statutes." *Id*. at 212-13. We also noted that the United States Court of Appeals for the Ninth Circuit reached the same conclusion in *United States v. Castillo-Rivera*, 244 F.3d 1020 (9th Cir. 2001). Accordingly, we held that "possession of a firearm by a felon in violation of section 12021(a)(1) of the California Penal Code, is 'described in' section 101(a)(43)(E)(ii) of the Act, and is an aggravated felony regardless of whether it contains the federal jurisdictional element of affecting intestate commerce contained in 18 U.S.C. § 922(g)(1)." *Matter of Vasquez-Muniz*, 23 I&N Dec. at 214.

In the respondent's case the substantive elements of the New York State arson crime and the Federal arson crime are also "substantially the same." The only difference is that the Federal arson crime set forth at § 844(i), like § 922(g)(1), has an additional element, which is that the property must be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." This requirement that the property be "used in interstate or foreign commerce" is a jurisdictional element. *Jones v. United States*, 529 U.S. 848 (2000); *Russell v. United States*, 471 U.S. 858 (1985). Because it is a "jurisdictional element," our analysis in *Matter of Vasquez-Muniz* controls this case.

The respondent's New York State arson offense is "described in" section 101(a)(43)(E)(i) of the Act because the omission of the Federal jurisdictional element in § 844(i) from the State statute is not dispositive. The offense in section 150.10 of the New York Penal Law contains all of the other substantive elements that are contained in § 844(i), so it is an aggravated felony under the Act. We see no distinction between the Federal jurisdictional element in § 844(i) and the Federal jurisdictional element in § 922(g)(1). Interpreting section 150.10 of the New York Penal Law as not being "described in" § 844(i) would create the same problems identified in *Matter of Vasquez-Muniz*. That is, the penultimate sentence in section 101(a)(43) of the Act would be rendered meaningless, the exception clause

in section 241(a)(4)(B)(ii) would be superfluous, and State (and foreign) arson crimes would not be covered by section 101(a)(43)(E)(i).

The respondent makes two other arguments in support of his claim that his conviction is not for an aggravated felony under the Act.[5]  The first is that interpreting the New York State crime of arson as an offense described in 18 U.S.C. § 844(i) "ignores" the Federal jurisdictional element.  He relies on *Jones v. United States*, 529 U.S. at 859, and its holding "that § 844(i) does not cover the arson of an owner-occupied dwelling."  We disagree with the respondent's interpretation of *Jones* as it applies to the question whether a State arson crime is "described in" § 844(i).  *Jones* is relevant to this case to the extent that its holding makes clear that the phrase "used in interstate or foreign commerce" is an essential Federal jurisdictional element in § 844(i).

As noted above, the holding in *Jones* related to the scope of the Federal criminal statute, not the collateral consequences in an immigration case.  The Supreme Court rejected the Government's application of § 844(i) to an owner-occupied dwelling, in part, based upon concerns about the constitutionality of a Federal crime that would apply to virtually every building in the country.  *Id.* at 857 ("Were we to adopt the Government's expansive interpretation of § 844(i), hardly a building in the land would fall outside the federal statute's domain.").  Our decision in this case does not mean that the Federal jurisdictional element is not important for Federal criminal cases.  On the contrary, we simply conclude, as we did in *Matter of Vasquez-Muniz*, that Congress meant to cover State arson offenses when it referenced § 844(i) in the definition of an aggravated felony and did not intend to exclude them simply because a State crime lacked a Federal jurisdictional element.  Nothing in *Jones* is contrary to that principle.

The respondent also argues that the term "maliciously," included in each Federal provision, requires greater culpability than a specific intent to damage or destroy property and thus goes beyond the mens rea requirement of the New York statute.  We disagree.  The Third Circuit, in whose jurisdiction this matter arises, has stated that the term "maliciously," as used in § 844(f)(1), means "intentionally or with willful disregard of the likelihood that damage or injury will result."  *McFadden v. United States*, 814 F.2d 144, 146 (3d Cir. 1987).  Other courts of appeals that have considered this issue for § 844(i) have reached the same conclusion.  *United States v. Wiktor*, 146 F.3d 815, 818 (10th Cir. 1998); *United States v. Corona*, 108 F.3d 565, 571 (5th Cir. 1997); *United States v. Gullett*, 75 F.3d 941, 947-48 (4th Cir. 1996).  Because the

---

[5] As noted above, the respondent was convicted of attempted arson in the third degree.  The respondent does not argue that there is any difference between attempt under New York law and Federal law.  The Second Circuit has described Federal and New York law regarding attempt as "virtually identical."  *United States v. Celaj*, 649 F.3d 162, 170 (2d Cir. 2011).

term "maliciously" includes destruction of property undertaken intentionally, the "intentional" mens rea of section 150.10 of the New York Penal Law is covered by the term "maliciously" in § 844(i). The respondent cites no contrary precedent in support of his claim.

## IV. CONCLUSION

The Immigration Judge properly concluded that the respondent's conviction under section 150.10 of the New York Penal Law is for an aggravated felony under section 101(a)(43)(E)(i) of the Act. Pursuant to section 240A(a)(3), the respondent is therefore ineligible for cancellation of removal. Accordingly, his appeal will be dismissed.

**ORDER:** The appeal is dismissed.