*Luna Torres v. Holder*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

August Term, 2013

(Argued: May 5, 2014    Decided: August 20, 2014)

Docket No. 13-2498

─────────────────────

JORGE LUNA TORRES,
Petitioner,

v.

ERIC H. HOLDER, JR., Attorney General of the United States,
Respondent.*

─────────────────────

Before:        SACK, RAGGI, and CHIN, *Circuit Judges*.

The petitioner, a lawful permanent resident of the United States, was convicted of attempted arson in the third degree in violation of New York Penal Law §§ 110 and 150.10. A United States Immigration Judge determined that this conviction was an "offense described in" 18 U.S.C. § 844(i) and therefore constituted an "aggravated felony" rendering the petitioner ineligible for cancellation of removal under the Immigration and Nationality Act. *See* 8 U.S.C. § 1101(a)(43)(E)(i). The Board of Immigration Appeals affirmed, rejecting the petitioner's argument that the state provision under which he was convicted is

*The Clerk of the Court is respectfully directed to amend the caption as set forth above.

not an "offense described in" 18 U.S.C. § 844(i) because it lacks a federal jurisdictional element. We conclude that under *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), we must defer to the reasonable determination of the Board of Immigration Appeals that a state law offense need not contain a federal jurisdictional element in order to qualify as an "offense described in" 18 U.S.C. § 844(i), and thereby constitute an aggravated felony. The petition is therefore

DENIED.

MATTHEW L. GUADAGNO, New York, NY, *for Petitioner.*

REBECCA HOFFBERG PHILLIPS, Trial Attorney (Stuart F. Delery, Assistant Attorney General; William C. Peachey, Assistant Director; Brianne Whelan Cohen, Acting Senior Litigation Counsel, *on the brief*), Civil Division, U.S. Department of Justice, Washington, DC, *for Respondent.*

SACK, *Circuit Judge*:

We consider on this appeal whether a conviction under New York Penal Law §§ 110 and 150.10 for attempted arson in the third degree constitutes an "aggravated felony" under the Immigration and Nationality Act ("INA"). *See* 8 U.S.C. § 1101(a)(43)(E)(i). Answering this question requires us to decide whether this state crime, which lacks a federal jurisdictional element, is an "offense

described in" 18 U.S.C. § 844(i), the federal statute governing explosive materials offenses, which does contain such an element. Because we defer to the BIA's reasonable determination that a state "offense described in" 18 U.S.C. § 844(i) need not contain a federal jurisdictional element, we deny the petition.

## BACKGROUND

Jorge Luna Torres, a native and citizen of the Dominican Republic and a lawful permanent resident of the United States, was convicted in 1999 of attempted arson in the third degree in violation of New York Penal Law §§ 110 and 150.10. Luna[1] was sentenced to one day of imprisonment and five years of probation.

In 2006, Luna sought admission to the United States as a lawful permanent resident after a trip abroad. On March 13, 2007, the Immigration and Naturalization Service issued a Notice to Appear charging Luna with inadmissibility as an alien convicted of a crime involving moral turpitude.

Luna applied for cancellation of removal. After a merits hearing, a United States Immigration Judge ("IJ") found Luna removable as charged, a conclusion which Luna does not challenge before this Court. Relying on *Matter of Bautista*,

---

[1] Although the removal proceedings employ the petitioner's full name, Jorge Luna Torres, he refers to himself as Jorge Luna. We follow his preference here.

25 I. & N. Dec. 616 (BIA 2011), *overruled by Bautista v. Attorney Gen.*, 744 F.3d 54 (3d Cir. 2014), the IJ also found Luna ineligible for cancellation of removal as a permanent resident convicted of an aggravated felony, *see* 8 U.S.C. § 1229b(a)(3). In *Matter of Bautista*, the Board of Immigration Appeals ("BIA") had concluded that a conviction under the same provision of the New York Penal Law constitutes an aggravated felony under section 101(a)(43)(E)(i) of the INA as an "offense described in" 18 U.S.C. § 844(i). *Matter of Bautista*, 25 I. & N. Dec. at 618–20; *see* 8 U.S.C. § 1101(a)(43)(E)(i) (codifying INA § 101(a)(43)(E)(i)).

Luna appealed the denial of cancellation to the BIA. He argued that the agency should reconsider *Matter of Bautista* and that, if it did not, the decision should not be applied retroactively to his case. The BIA dismissed Luna's appeal, declining to reconsider *Matter of Bautista* and concluding that its effect was not impermissibly retroactive. Luna timely petitioned this Court for review, repeating both of these arguments.

After briefing but before oral argument in Luna's appeal, the Third Circuit vacated the BIA's ruling in *Matter of Bautista*, concluding that the New York arson statute did not qualify as an aggravated felony because it lacked the federal jurisdictional element. *Bautista v. Attorney Gen.*, 744 F.3d 54, 56 (3d Cir.

4

2014). The Third Circuit's decision conflicts with interpretations by the Fifth, Seventh, Eighth, and Ninth Circuits of 8 U.S.C. § 1101(a)(43)'s "offense described in" language. *See Spacek v. Holder*, 688 F.3d 536 (8th Cir. 2012) (interpreting 8 U.S.C. § 1101(a)(43)(J), relating to racketeering offenses); *Nieto Hernandez v. Holder*, 592 F.3d 681 (5th Cir. 2009) (interpreting 8 U.S.C. § 1101(a)(43)(E)(ii), relating to firearms offenses); *Negrete-Rodriguez v. Mukasey*, 518 F.3d 497 (7th Cir. 2008) (same); *United States v. Castillo-Rivera*, 244 F.3d 1020 (9th Cir. 2001) (same). We therefore requested supplemental briefing, which the parties submitted prior to oral argument.

## DISCUSSION

### I.     Jurisdiction and Standard of Review

This Court lacks jurisdiction to review the BIA's denial of discretionary relief from removal. *See* 8 U.S.C. §§ 1252(a)(2)(B)(ii), 1229b(a). But Luna's claim that his conviction is not an aggravated felony rendering him statutorily ineligible for cancellation of removal raises a question of law which we retain jurisdiction to review, *id*. § 1252(a)(2)(D), and which we evaluate under the principles of deference set forth in *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984).

**II.** **Whether a Violation of New York Penal Law § 150.10 Constitutes an Aggravated Felony Under the INA**

On appeal, Luna argues that *Matter of Bautista* was incorrectly decided because Congress intended to define as "aggravated felonies" only those state law crimes encompassing all elements of the federal statute, including so-called "jurisdictional" elements. Because we defer to the BIA's reasonable conclusion to the contrary, we reject this argument.

*The Statutory Framework*

Under the INA, an alien is ineligible for cancellation of removal if he has been convicted of an aggravated felony. 8 U.S.C. § 1229b(a)(3). The statute defines the term "aggravated felony" by enumerating an extensive catalogue of crimes identified with varying degrees of specificity. *See id.* § 1101(a)(43). The definition's penultimate sentence also provides that "[t]he term applies to an offense described in this paragraph whether in violation of Federal or State law and applies to such an offense in violation of the law of a foreign country for which the term of imprisonment was completed within the previous 15 years." *Id.*

Among the offenses included under INA § 101(a)(43)'s definition is "an offense described in" 18 U.S.C. § 844(i). *See* 8 U.S.C. § 1101(a)(43)(E)(i). That section in turn provides:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both . . . .

18 U.S.C. § 844(i). New York Penal Law § 150.10, under which Luna was convicted, provides that "[a] person is guilty of arson in the third degree when he intentionally damages a building or motor vehicle by starting a fire or causing an explosion." N.Y. Penal Law § 150.10(1). The two statutes are substantially similar except that 18 U.S.C. § 844(i) contains one element—that the property destroyed be "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce"—which New York Penal Law § 150.10 lacks. The question this appeal poses is whether the New York provision must include this jurisdictional element in order to qualify as an "offense described in" the federal statute.

7

*The BIA's Decision in* **Matter of Bautista**

The BIA confronted precisely this question in *Matter of Bautista*. After determining that New York Penal Law § 150.10 and 18 U.S.C. § 844(i) are substantially similar except for the jurisdictional element, the BIA concluded that its analysis in *Matter of Vasquez-Muniz*, 23 I. & N. Dec. 207 (BIA 2002) (en banc), controlled. *Matter of Bautista*, 25 I. & N. Dec. at 618-20.

In *Matter of Vasquez-Muniz*, the BIA decided that a conviction under the California Penal Code for possession of a firearm by a felon constituted an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(ii) as an "offense described in" 18 U.S.C. § 922(g)(1). *Matter of Vasquez-Muniz*, 23 I. & N. Dec. at 213. The BIA, sitting *en banc*, reasoned that a state crime "described in" a federal crime need not reproduce the federal jurisdictional element. *Id.* The BIA concluded that the penultimate sentence of section 1101(a)(43), which clarifies that the term "aggravated felony" applies to "an offense described in this paragraph whether in violation of Federal or State law" or "the law of a foreign country," expressed a congressional "concern over *substantive* offenses rather than any concern about the jurisdiction in which they are prosecuted." *Id.* at 210 (emphasis added). The BIA also reasoned that, since states rarely include federal jurisdictional language

8

in their criminal statutes, requiring state crimes to reproduce federal jurisdictional elements in order to constitute aggravated felonies would virtually excise state criminal convictions from the ambit of section 1101(a)(43)(E), despite clear language to the contrary. *Id.* at 211 (citing 8 U.S.C. § 1231(a)(4)(B)(ii), which refers to aliens "in the custody of a State" pursuant to a final conviction for an offense described in 8 U.S.C. § 1101(a)(43)(E)). The same would be true, the BIA concluded, of foreign offenses. *Id.* at 211-12.

Applying this reasoning in *Matter of Bautista*, the BIA found no distinction between the federal jurisdictional element of 18 U.S.C. §§ 844(i) and that of 922(g)(1). *Matter of Bautista*, 25 I. & N. Dec. at 620. The BIA also distinguished the holding of *Jones v. United States*, 529 U.S. 848 (2000), which emphasized the importance of section 844(i)'s federal jurisdictional element, as "related to the scope of the Federal criminal statute, not the collateral consequences in an immigration case." *Matter of Bautista*, 25 I. & N. Dec. at 621. The BIA therefore concluded that a conviction under New York Penal Law §§ 110 and 150.10 constituted an aggravated felony rendering an alien ineligible for cancellation of removal. *Id.* at 622.

*Our Analysis Under* **Chevron**

*Chevron* requires us to defer to an agency's reasonable interpretation of the statute it administers. *Chevron*, 467 U.S. at 842-44; *Kar Onn Lee v. Holder*, 701 F.3d 931, 936 (2d Cir. 2012). We must first ask "whether Congress has directly spoken to the precise question at issue[,] . . . for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." *Chevron*, 467 U.S. at 842-43. "[I]f the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Id.* at 843. We must defer to the BIA's interpretation of the INA unless it is "arbitrary, capricious, or manifestly contrary to the statute." *Id.* at 844.

"The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Kar Onn Lee*, 701 F.3d at 936 (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341 (1997)) (internal quotation marks omitted). "In interpreting the statute at issue, we consider not only the bare meaning of the critical word or phrase but also its placement and purpose in the statutory scheme." *Id.* (quoting *Holloway v. United States*, 526 U.S. 1, 6 (1999))

10

(internal quotation marks omitted). Considering the language of clause 1101(a)(43)(E)(i) and its place in paragraph 1101(a)(43) and the INA as whole, we conclude that the statute is ambiguous as to whether a state crime must contain a federal jurisdictional element in order to constitute an aggravated felony.

Section 1101(a)'s paragraph 43 identifies crimes that constitute aggravated felonies in three ways. Some are indicated in terms of generic offenses or offenses "relating to" generic offenses. *See, e.g.*, 8 U.S.C. § 1101(a)(43)(A) ("murder, rape, or sexual abuse of a minor"); *id.* § 1101(a)(43)(S) ("an offense relating to obstruction of justice, perjury or subornation of perjury, or bribery of a witness"). Others are referred to as offenses "defined in" a particular federal statute. *See, e.g., id.* § 1101(a)(43)(B) ("illicit trafficking in a controlled substance (as defined in section 802 of Title 21), including a drug trafficking crime (as defined in section 924(c) of Title 18)"). And still others are denominated offenses "described in" a particular federal statute. *See, e.g., id.* § 1101(a)(43)(E). The provision at issue here belongs in this last category.

Luna contends that, for a state offense to be one that is "described in" a federal statute, the elements of the state and federal crimes, including any jurisdictional elements, must be identical. *See* Pet'r's Br. at 13-17. The Third

11

Circuit took a similar approach in rejecting the BIA's decision in *Matter of Bautista*, concluding that state offenses "described in" a federal statute must reproduce the federal jurisdictional element to constitute aggravated felonies, while offenses "defined in" a federal statute need not.[2] *Bautista*, 744 F.3d at 59.

We are inclined to disagree. It seems to us, as it did to the Fifth, Seventh, Eighth, and Ninth Circuits, that "described in" is the broader standard, and that an offense identified in this way need not reproduce the federal jurisdictional element to have immigration consequences. *See Castillo-Rivera*, 244 F.3d at 1023 (stating that Congress "'had to use some looser standard such as "described in" rather than the more precise standard of "defined in," if it wanted more than a negligible number of state offenses to count as aggravated felonies'"); *Negrete-Rodriguez*, 518 F.3d at 502, 503 (discussing *Castillo-Rivera*'s distinction between "described in" and "defined in" and rejecting petitioner's argument that "'defined in' and 'described in' are synonymous"); *Nieto Hernandez*, 592 F.3d at 685-86

---

[2] The Third Circuit also reasoned that if Congress had intended all state arson crimes to constitute aggravated felonies, it could have written section 1101(a)(43)(E)(i) to refer to the generic offense of arson rather than the federal statute governing explosives offenses. *Bautista*, 744 F.3d at 64. While this argument is not without force, we find at least equally persuasive the counterargument that Congress may have chosen to indicate the covered crimes by referring to 18 U.S.C. § 844 because the explosives offenses detailed therein are broader than generic or common-law arson. *Cf. Negrete-Rodriguez*, 518 F.3d at 503 ("[M]any firearms offenses are not susceptible to being easily described in general terms . . . .").

(citing *Negrete-Rodriguez* and *Castillo-Rivera*); *Spacek*, 688 F.3d at 538 ("Section 1101(a)(43)(J) requires only 'an offense *described in* section 1962 of title 18,' while Congress used the more restrictive construction 'as *defined in*' elsewhere in the statute." (emphases in original)); *see also Bautista*, 744 F.3d at 71 (Ambro, J., dissenting) ("To me, the phrase 'described in' refers broadly to the *type* of offense." (emphasis in original)).

On the other hand, we do not think that this conclusion follows inexorably from the INA's text and structure. We are not fully convinced, for example, that paragraph 43's penultimate sentence unequivocally expresses Congress's intent to discount federal jurisdictional elements when determining whether a state offense is "described in" a federal statute. The BIA has reasoned and the government has argued that the penultimate sentence—which states that the term "aggravated felony" "applies to an offense described in this paragraph whether in violation of" federal, state, or foreign law—requires this interpretation, because otherwise section 1101(a)(43)(E) would capture few, if any, state crimes. *See Matter of Bautista*, 25 I. & N. Dec. at 619-20; Resp't's Br. at 21-24. We think, though, that the penultimate sentence could also be read to make clear that an offense will not be exempted from the definition of an

13

"aggravated felony" merely because it was a violation of state or foreign, rather than federal, law. This reading would not require the result that the government and the BIA appear to have reached. We therefore are not persuaded that the penultimate sentence evinces an unambiguously expressed congressional intent.

The BIA also determined in *Matter of Bautista*, and the government argues on appeal, that reading 8 U.S.C. § 1101(a)(43) to require state offenses to include a federal jurisdictional element renders meaningless another provision of the Immigration and Naturalization Act. *See Matter of Bautista*, 25 I. & N. Dec. at 620 (citing *Matter of Vasquez-Muniz*, 23 I. & N. Dec. at 212); Resp't's Br. at 25. That provision refers to the removal of aliens who are held "in the custody of a State . . . pursuant to a final conviction for . . . an offense described in" 8 U.S.C. § 1101(a)(43)(E), among other provisions. 8 U.S.C. § 1231(a)(4)(B)(ii). We agree with the BIA and the government that this provision suggests that at least some state offenses must constitute aggravated felonies under subparagraph (E), or there could be no individuals held in state custody pursuant to crimes "described" there. But this fact alone does not compel the conclusion that Congress has spoken unequivocally regarding whether a state offense "described in" 18 U.S.C. § 844(i) must reproduce that statute's jurisdictional element.

14

Because we conclude that the statute is ambiguous, we owe deference to the BIA's interpretation unless it is unreasonable. *See Chevron*, 467 U.S. at 842–43; *Rotimi v. Holder*, 577 F.3d 133, 139 (2d Cir. 2009). As already indicated, we find persuasive the BIA's reading of the relevant statutory provisions as set forth in *Matter of Bautista* and might well adopt it ourselves,[3] were we not constrained to do so in any event by *Chevron*. It is noteworthy, too, that the BIA's interpretation is consonant with the conclusions of the Fifth, Seventh, Eighth, and Ninth Circuits concerning related provisions of paragraph 43. We therefore defer to the BIA's "permissible construction" of section 1101(a)(43)(E)(i).[4] *See Kar Onn Lee*, 701 F.3d at 937.

**III. Whether Applying *Matter of Bautista* Is Impermissibly Retroactive**

In the alternative, Luna argues that *Matter of Bautista* cannot be applied retroactively to him because the decision represented "such a departure from past practices by the [BIA]" that he lacked notice that the state arson crime to

---

[3] Even if we were to decide that the BIA's reading of the statute is clearly preferable to the Petitioner's, it would not follow that the provision is unambiguous and that *Chevron* deference is therefore not required. Equipoise is not a precondition to a finding of ambiguity.

[4] For this reason, we reject Luna's argument that the rule of lenity should be applied to his case. *See Adams v. Holder*, 692 F.3d 91, 107 (2d Cir. 2012) (stating that lenity enters only "when none of the other canons of statutory interpretation is capable of resolving the statute's meaning and the BIA has not offered a reasonable interpretation of the statute" (internal quotation marks omitted)).

15

which he pled guilty would be deemed an aggravated felony.  Pet'r's Br. 30.  We see no obstacle to *Matter of Bautista*'s application in Luna's case.

Luna's 1999 conviction postdated the 1996 enactment of 8 U.S.C. § 1101(a)(43).  *See Guaylupo-Moya v. Gonzales*, 423 F.3d 121, 126-27 (2d Cir. 2005).  In relying on *Matter of Bautista*, the BIA therefore "did not retroactively apply a new law but instead applied [its] determination of what the law 'had *always* meant.'"  *De Quan Yu v. U.S. Attorney Gen.*, 568 F.3d 1328, 1333 (11th Cir. 2009) (per curiam) (emphasis in original) (quoting *Rivers v. Roadway Express, Inc.*, 511 U.S. 298, 313, n. 12 (1994)).  Once *Matter of Bautista* issued, "that decision became the controlling interpretation of the law and was entitled to full retroactive effect in all cases still open on direct review, regardless of whether the events predated the . . . decision."  *Id.* at 1334; *see also Rivers*, 511 U.S. at 312 ("The essence of judicial decisionmaking—applying general rules to particular situations— necessarily involves some peril to individual expectations because it is often difficult to predict the precise application of a general rule until it has been distilled in the crucible of litigation.").  *Matter of Bautista* therefore governs Luna's case.

## CONCLUSION

For the foregoing reasons, we defer to the BIA's determination, which we conclude is reasonable, that a conviction under New York Penal Law §§ 110 and 150.10 constitutes an aggravated felony under 8 U.S.C. § 1101(a)(43)(E)(i), rendering an alien ineligible for cancellation of removal. Luna's petition is therefore DENIED.