14-3631-ag
Weiland v. Lynch

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

August Term, 2015

(Submitted: June 27, 2016          Decided: June 29, 2016)

Docket No. 14-3631-ag

_____

Thomas Weiland,

*Petitioner*,

v.

Loretta E. Lynch, United States Attorney General,

*Respondent*.

_____

Before:

PARKER, LOHIER, and CARNEY, *Circuit Judges*.

Thomas Weiland, a citizen of Germany, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from a decision of the Immigration Court ordering his removal. Weiland was charged as removable based on his conviction for possession of child pornography under New York Penal Law § 263.11. Weiland argues that this conviction does not qualify as an aggravated felony under the Immigration and Nationality Act ("INA") because it lacks an interstate commerce element that is present in the analogous federal child pornography statute. But in Torres v. Lynch, 136 S. Ct. 1619 (2016), the Supreme Court held that violation of a state criminal law may constitute an aggravated felony for purposes of

the INA even if the law lacks a federal jurisdictional element.  We therefore **DENY** the petition for review of the BIA's decision.

Stephen K. Tills, Orchard Park, NY, *for Petitioner*.

D. Nicholas Harling, Trial Attorney (Ernesto H. Molina, Jr., Assistant Director, *on the brief*), *for* Benjamin C. Mizer, Principal Deputy Assistant Attorney General, United States Department of Justice, Washington, DC, *for Respondent*.

PER CURIAM:

Thomas Weiland, a citizen of Germany, petitions for review of a Board of Immigration Appeals ("BIA") decision dismissing his appeal from a decision of the Immigration Court ordering his removal.  Weiland was charged as removable based on his conviction for possession of child pornography under New York Penal Law § 263.11, which the Government characterizes as an aggravated felony.  Weiland argues that this conviction does not qualify as an aggravated felony under the Immigration and Nationality Act ("INA") because it lacks an interstate commerce element that is present in the analogous federal child pornography statute.  But in <u>Torres v. Lynch</u>, which was decided after briefing concluded in this appeal, the

Supreme Court held that violation of a state criminal law may constitute an aggravated felony for purposes of the INA even if the law lacks a federal jurisdictional element.  136 S. Ct. 1619, 1634 (2016).  We therefore DENY the petition for review of the BIA's decision.

## BACKGROUND

Weiland entered the United States as a visitor in 1969 and became a lawful permanent resident the following year.  In 2004 he was convicted of possessing an obscene sexual performance by a child in violation of New York Penal Law § 263.11.  The Department of Homeland Security later initiated removal proceedings against him based on the 2004 conviction, which it viewed as an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(I).  The INA includes in its definition of aggravated felonies any offense "described in section . . . 2252 of Title 18," which prohibits the possession, reproduction, and distribution of child pornography.  8 U.S.C. § 1101(a)(43)(I); 18 U.S.C. § 2252.  As the INA further makes clear, "[t]he term [aggravated felony] applies to an offense . . . whether in violation of Federal or State law."  8 U.S.C. § 1101(a)(43).

Weiland argued to the Immigration Judge that this definition of "aggravated felony" did not cover his conviction. Both parties agreed that § 2252(a)(4) was the federal provision that most resembled the elements of the New York child pornography statute under which Weiland was convicted. But § 2252(a)(4) includes a federal jurisdictional requirement that New York's child pornography statute lacks. In order to convict a defendant under the federal statute, the visual depiction must have been possessed either within the special maritime and territorial jurisdiction of the United States or on any land or building owned, leased, used, or controlled by the United States Government; or it must have been transported using a means or facility of interstate or foreign commerce. 18 U.S.C. § 2252(a)(4). According to Weiland, his conviction was not an offense described in § 2252(a)(4) because the New York statute does not have an interstate commerce requirement.

The Immigration Judge rejected this argument and ordered Weiland removed. Relying on the BIA's decision in In re Vasquez-Muniz, 23 I. & N. Dec. 207, 213 (BIA 2002), the Immigration Judge concluded that a state criminal law need not contain a federal jurisdictional element to be "described in" one of the corresponding federal statutes identified in § 1101(a)(43). The

4

BIA dismissed Weiland's appeal. In re Thomas Weiland, No. A019 352 694 (BIA Aug. 28, 2014). This appeal followed. With the agreement of both parties, we held our disposition of the appeal in abeyance pending the Supreme Court's decision in Torres v. Lynch, 136 S. Ct. 1619 (2016).

**DISCUSSION**

On appeal, Weiland renewed his claim that New York's child pornography statute is not "an offense described in" 18 U.S.C. § 2252. But, as Weiland appears to acknowledge, that argument was foreclosed by our decision in Torres v. Holder, 764 F.3d 152 (2d Cir. 2014).

In Torres we considered whether a New York state conviction for attempted arson qualified as an aggravated felony under the INA. Id. at 153. New York's arson law, like the child pornography law under which Weiland was convicted, had a federal analogue that was included in the INA's definition of an aggravated felony. See 8 U.S.C. § 1101(a)(43)(E)(i). The federal statute differed from the state law only insofar as it required that the property damaged was "used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce." 18 U.S.C. § 844(i). We were inclined to conclude for purposes of § 1101(a)(43) that an offense

5

"described in" a federal statute "need not reproduce the federal jurisdictional element to have immigration consequences." Torres, 764 F.3d at 157. But we also acknowledged that "this conclusion [did not] follow[] inexorably from the INA's text and structure." Id. We therefore deferred to the interpretation of the BIA, which held in In re Bautista, 25 I. & N. Dec. 616 (BIA 2011), that New York's arson statute was an offense "described in" 18 U.S.C. § 844(i). Torres, 764 F.3d at 158; see also Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc., 467 U.S. 837, 843-44 (1984) ("[I]f the statute is silent or ambiguous with respect to the specific issue . . . a court may not substitute its own construction of a statutory provision for a reasonable interpretation made by the administrator of an agency.").

On appeal, Weiland urged us to reconsider our decision in Torres. "Generally speaking," we are "bound by prior decisions of this court unless and until . . . [they] are reversed en banc or by the Supreme Court." In re Arab Bank, PLC Alien Tort Statute Litig., 808 F.3d 144, 154 (2d Cir. 2015) (quotation marks omitted). "[T]here is an exception to this general rule when an 'intervening Supreme Court decision casts doubt on our controlling precedent.'" Id. (alteration omitted) (quoting Wojchowski v. Daines, 498 F.3d

6

99, 106 (2d Cir. 2007)).  Weiland argued we should nevertheless disregard Torres because the Third Circuit has vacated Bautista, the BIA decision to which we deferred.  See Bautista v. Attorney Gen. of U.S., 744 F.3d 54, 66 (3d Cir. 2014).  Shortly after briefing concluded in Weiland's appeal, however, the Supreme Court granted certiorari review of our decision in Torres and affirmed, thus abrogating the Third Circuit's decision in Bautista.  See Torres v. Lynch, 136 S. Ct. at 1634 (2016).  The Court held that a federal jurisdictional element "is properly ignored when determining if a state offense counts as an aggravated felony under § 1101(a)(43)."  Id.

After the Supreme Court decided Torres v. Lynch, we permitted the parties to submit additional briefing.  Abandoning his original argument, Weiland now claims that, unlike the arson statute at issue in Torres v. Lynch, which, he asserts, has no "innate link to interstate commerce," the interstate commerce component of the federal child pornography statute is a requirement of the underlying substantive offense.  See Pet'r's Letter 2, June 7, 2016, ECF No. 90.  This argument is unavailing for two reasons.  First, Weiland ignores that, in addition to proscribing the transportation of child pornography using a means of interstate commerce, § 2252 also criminalizes

the possession of child pornography "in the special maritime and territorial jurisdiction of the United States, or on any land or building owned by, leased to, or otherwise used by or under the control of the Government of the United States." 18 U.S.C. § 2252(a)(4). Weiland does not argue that this element is also a requirement of the substantive offense. Second, the Court in Torres v. Lynch expressed concern that requiring a state law to include a federal jurisdictional element in order to be an offense "described in" one of the federal laws identified in § 1101(a)(43) would exclude most state child pornography laws — an outcome that the Court characterized as "perverse." Torres v. Lynch, 136 S. Ct. at 1628-29. In light of Torres v. Lynch, we conclude that New York's child pornography statute is an offense "described in" § 2252.

**CONCLUSION**

For the foregoing reasons, we DENY the petition for review of the BIA's decision.

8