# Matter of A. VASQUEZ, Respondent

*Decided April 12, 2019*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

Under the plain language of section 101(a)(43)(H) of the Immigration and Nationality Act, 8 U.S.C. § 1101(a)(43)(H) (2012), kidnapping in violation of 18 U.S.C. § 1201(a) (2012) is not an aggravated felony.

FOR RESPONDENT: Michael J. Spychalski, Esquire, Dallas, Texas

FOR THE DEPARTMENT OF HOMELAND SECURITY: Levi Thomas, Assistant Chief Counsel

BEFORE: Board Panel: MALPHRUS, MULLANE, and LIEBOWITZ, Board Members

MALPHRUS, Board Member:

In a decision dated May 29, 2018, an Immigration Judge terminated these proceedings, finding that the respondent is not removable under section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2012), as an alien convicted of an aggravated felony under section 101(a)(43)(H) of the Act, 8 U.S.C. § 1101(a)(43)(H) (2012) (an offense relating to the demand for or receipt of ransom). The Department of Homeland Security ("DHS") has appealed from that decision. The appeal will be dismissed.

The respondent is a native and citizen of Mexico who was admitted to the United States as a conditional permanent resident on April 16, 1998, and adjusted his status to that of a lawful permanent resident on March 10, 2001. On July 29, 2009, the respondent was convicted in the Northern District of Illinois of kidnapping in violation of 18 U.S.C. § 1201(a)(1) and (2) (2006), for which he was sentenced to a term of imprisonment of 139 months.[1] The

---

[1] An individual is guilty of kidnapping under 18 U.S.C. § 1201(a) if he or she

> unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person, except in the case of a minor by the parent thereof, when—
> (1) the person is willfully transported in interstate or foreign commerce, regardless of whether the person was alive when transported across a State

DHS issued a notice to appear charging that the respondent's conviction was for an aggravated felony under section 101(a)(43)(H) of the Act.[2]  The Immigration Judge disagreed and terminated the proceedings.

Section 101(a)(43)(H) of the Act defines an aggravated felony as "an offense described in section 875, 876, 877, or 1202 of title 18, United States Code (relating to the demand for or receipt of ransom)."  Although 18 U.S.C. § 1201 is not included in this list, the DHS contends that we should interpret kidnapping in violation of that statute to be an aggravated felony because it is "described in" the other statutes listed in section 101(a)(43)(H).

Under well-settled principles of statutory construction, the "first step in interpreting a statute is to determine whether the language at issue has a plain and unambiguous meaning with regard to the particular dispute in the case." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997).  Whether a statute is ambiguous is "determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Id.* at 341.  "If the statute is clear and unambiguous 'that is the end of the matter, for the court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.'" *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988) (citations omitted); *see also, e.g.*, *Matter of Valenzuela*, 25 I&N Dec. 867, 869 (BIA 2012).

The DHS asserts that the phrase "described in" in section 101(a)(43)(H) of the Act indicates congressional intent to give the statute a broad reach.  We recognize that the term "described in" is less specific than the phrase "defined in," which is employed elsewhere in section 101(a)(43).  *See* sections 101(a)(43)(B), (C), (F) of the Act; *Nieto-Hernandez v. Holder*, 592 F.3d 681, 686 (5th Cir. 2009).  However, we cannot agree that Congress' use of the phrase "described in" allows us to interpret section 101(a)(43)(H) as including an offense under a Federal statute that is not enumerated there.[3]

---

boundary, or the offender travels in interstate or foreign commerce or uses the mail or any means, facility, or instrumentality of interstate or foreign commerce in committing or in furtherance of the commission of the offense[, or]

   (2) any such act against the person is done within the special maritime and territorial jurisdiction of the United States . . . .

[2]   The DHS also charged the respondent under section 101(a)(43)(F) of the Act as an alien convicted of a crime of violence.  The Immigration Judge concluded that kidnapping in violation of 18 U.S.C. § 1201 is not a crime of violence because it does not have "as an element the use, threatened use, or attempted use of physical force," as required by 18 U.S.C. § 16(a) (2012).  The DHS has not challenged that determination on appeal.

[3]   We need not decide whether an offense under a State or foreign statute that has the same elements as a crime under one of the Federal statutes enumerated in section 101(a)(43)(H) of the Act can be considered to be "described in" one of those statutes and therefore be an aggravated felony.

The DHS primarily relies on the Supreme Court's statement in *Torres v. Lynch*, 136 S. Ct. 1619, 1625–26 (2016), that the word "'describe' takes on different meanings in different contexts," at times conveying "exactness," while at others implying something less precise. According to the DHS, the Court applied a broad reading of the phrase "described in" to find that the crime of arson under New York law is an aggravated felony. It therefore contends that we should similarly interpret section 101(a)(43)(H) to include kidnapping under § 1201.

In *Torres*, the Court addressed the aggravated felony definition in section 101(a)(43)(E)(i) of the Act, which includes offenses that are "described in" any of four enumerated Federal statutes. The Court determined that the State arson law "matches the federal statute element-for-element with one exception: The New York law does not require a connection to interstate commerce." *Id.* at 1624. As the Court pointed out, we had ruled that this "single difference did not matter because the federal statute's commerce element is 'jurisdictional.'" *Id.*; *see also Matter of Bautista*, 25 I&N Dec. 616 (BIA 2011), *vacated*, *Bautista v. Att'y Gen. of U.S.*, 744 F.3d 54, 68 (3d Cir 2014); *Matter of Vasquez-Muniz*, 23 I&N Dec. 207 (BIA 2002). Several circuit courts agreed that Congress used the broader term "described in" so as to include State statutes in the aggravated felony definition, even if they did not contain an interstate commerce element. *See Torres v. Holder*, 764 F.3d 152, 157 (2d Cir. 2014) (collecting cases), *aff'd*, *Torres*, 136 S. Ct. at 1634.

Finding that the question before it could not be determined by the language of the particular aggravated felony provision alone, the Supreme Court concluded that it must be decided "with reference to the statutory context." *Torres*, 136 S. Ct. at 1626. Accordingly, considering both the language and the context of the statute, the Court concurred with the Board and the circuit courts that the alien was convicted of an aggravated felony under section 101(a)(43)(E)(i) of the Act. *Id.* at 1634.

The contextual considerations in this case are very different. Unlike the Court in *Torres*, our concern is with the question whether the Federal crime of kidnapping under 18 U.S.C. § 1201, which is not a statute listed in section 101(a)(43)(H) of the Act, can be interpreted to be an aggravated felony because it is similarly "described in" the statutes that Congress did enumerate there. Aside from the phrase "described in," the DHS does not contend that the statutory language in section 101(a)(43)(H) of the Act is ambiguous. Nor does it cite to any legislative history explaining congressional intent as to this particular aggravated felony provision. Instead, the DHS argues that because the "central theme" of the statutes listed in section 101(a)(43)(H) is "threatening to kidnap," the Federal offense of "kidnapping" should be considered to be "described in" those statutes.

We have previously rejected a similar argument regarding section 101(a)(43)(N) of the Act, which includes in the aggravated felony definition "an offense described in paragraph (1)(A) or (2) of section 274(a) (relating to alien smuggling)." *Matter of Alvarado-Alvino*, 22 I&N Dec. 718 (BIA 1999). We held there that the respondent, who had been convicted of aiding and abetting illegal entry in violation of section 275(a) of the Act, 8 U.S.C. § 1325(a) (1988), was not convicted of an aggravated felony, reasoning that "the plain language of section 101(a)(43)(N) reveals that Congress intended to specifically reference the offenses listed in sections 274(a)(1)(A) and (2)." *Id.* at 720. The United States Court of Appeals for the Fifth Circuit, in whose jurisdiction this case arises, agreed, stating that a conviction for "violating [section 275(a) of the Act] is outside the ambit of [section 101(a)(43)(N)], *which is explicitly confined* to convictions under [section 274(a)]." *Rivera-Sanchez v. Reno*, 198 F.3d 545, 547 (5th Cir. 1999) (per curiam) (emphasis added)). For similar reasons, we conclude that the language of section 101(a)(43)(H) of the Act is plain and that the respondent's kidnapping offense is not an aggravated felony.

Moreover, in addition to the phrase "described in," section 101(a)(43)(H) of the Act contains a "relating to" parenthetical. We have held that such parentheticals offer a "shorthand description of the referenced criminal offenses" that gives the reader "guidance as to the nature and extent of the offenses." *Matter of Ruiz-Romero*, 22 I&N Dec. 486, 489 (BIA 1999). To determine whether a "relating to" parenthetical is "descriptive or limiting," we must read it "in context and with a view to its place in the overall structure of the statute." *Matter of Oppedisano*, 26 I&N Dec. 202, 204, 206 (BIA 2013); *see also Mellouli v. Lynch*, 135 S. Ct. 1980, 1990 (2015) (recognizing that although the phrase "relating to" is "broad" and "indeterminate," the context of the statute called for a narrower reading (citation omitted)).

Congress used the phrase "relating to the demand for or receipt of ransom" as the descriptor of the offenses defined in the four Federal statutes enumerated in section 101(a)(43)(H), not the phrase "relating to kidnapping." A conviction for kidnapping under § 1201 does not require a demand for or receipt of ransom to support a conviction, because the statute requires proof that a person has been "held for ransom, reward, *or otherwise*." *United States v. Osborne*, 68 F.3d 94, 100 (5th Cir. 1995) (emphasis added); *see also United States v. Healy*, 376 U.S. 75, 82 (1964) (recognizing that § 1201 is not limited to kidnappings "for pecuniary gain" or even for an "illegal purpose"). This differs from, for example, 18 U.S.C. § 1202 (2012), one of the enumerated statutes, which does require that ransom money be delivered or received in connection with a kidnapping. *See, e.g., United States v. Ortega*, 517 F.2d 1006, 1009 (3d Cir. 1975). While some provisions in the other three statutes listed in section 101(a)(43)(H) also relate to a demand

for ransom in connection with a kidnapping, other parts do not prohibit conduct associated with kidnapping at all. *See* 18 U.S.C. §§ 875(d), 876(d), 877 (2012).

If Congress had intended to make kidnapping in violation of § 1201 an aggravated felony under the Act, it could have included that statute in section 101(a)(43)(H) along with the others that were listed there. *See Thompson v. Goetzmann*, 337 F.3d 489, 499 (5th Cir. 2003) (per curiam) (recognizing "the well-known interpretative canon, *expressio unius est exclusio alterius*— 'the expression of one thing implies the exclusion of another'" (citation omitted)). This is especially true because the crime of kidnapping under § 1201 existed at the time Congress enacted section 101(a)(43)(H) in 1994. *See United States v. McInnis*, 601 F.2d 1319, 1324 (5th Cir. 1979) (stating that the Federal kidnapping statute was originally enacted in 1932); *see also* Immigration and Nationality Technical Corrections Act of 1994, Pub. L. No. 103-416, § 222(a), 108 Stat. 4305, 4320–21. Congress could also have added § 1201 to the offenses listed in section 101(a)(43)(H) of the Act at a later date, but despite its many amendments to the aggravated felony provisions since 1994, it has not done so. *See Matter of Alvarado-Alvino*, 22 I&N Dec. at 720–21.

In interpreting a statute, we may only deviate from its plain language in "rare and exceptional circumstances" where following the text would lead to an absurd or bizarre result that is "demonstrably at odds with the intentions of its drafters." *Demarest v. Manspeaker*, 498 U.S. 184, 190 (1991) (quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982)); *see also Helvering v. Hammel*, 311 U.S. 504, 510–11 (1941) (stating that the interpretation of a statute may depart from the "literal or usual meaning of its words where acceptance of that meaning would lead to absurd results or would thwart the obvious purpose of the statute" (citations omitted)). Contrary to the DHS's argument, a "literal reading" of the statute simply does not give rise to absurd results in this case. *Mahosco Corp. v. Silver*, 447 U.S. 807, 818 (1980).

In this regard, the DHS emphasizes that some offenses under the statutes enumerated in section 101(a)(43)(H) of the Act essentially involve a threat to kidnap, while a conviction under § 1201 requires more serious conduct— the completed act of kidnapping. Although the DHS may be correct that someone who is guilty of kidnapping in violation of § 1201 is "clearly more culpable" than a person convicted of some of the enumerated offenses in section 101(a)(43)(H), we cannot agree that it "defies logic" to hold that Congress did not intend to include kidnapping under § 1201 as an aggravated felony. In any event, the statute is not ambiguous, and we may disregard its plain language only if applying the text as written would produce a result that

is absurd or bizarre, not where the result may be somewhat illogical. *See Demarest*, 498 U.S. at 190–91.

This is not to minimize the abhorrent nature of the crime of kidnapping. We agree with the DHS that kidnapping is unquestionably a serious offense, and the respondent's plea agreement bears out the reprehensible nature of his conduct. However, many serious offenses are not aggravated felonies under the immigration laws. The seriousness of the crime here does not give us the legal authority to extend the scope of the statute beyond the limits provided by Congress. *See FDA v. Brown & Williamson Tobacco Corp.*, 529 U.S. 120, 161 (2000).

There are clearly policy considerations that would warrant making kidnapping under § 1201 an aggravated felony. But it is for Congress to decide if it should be included. We cannot rewrite the words of the statute to achieve a favored outcome. *See Comm'r v. Lundy*, 516 U.S. 235, 252 (1996) ("We are bound by the language of the statute as it is written, and even if the rule Lundy advocates might 'accor[d] with good policy,' we are not at liberty 'to rewrite [the] statute because [we] might deem its effects susceptible of improvement.'" (alterations in original) (citation omitted)).

The language of section 101(a)(43)(H) of the Act and the contextual considerations in this case do not support the statutory interpretation the DHS advocates. *See Nielsen v. Preap*, 139 S. Ct. 954, 964 (2019) ("[N]either the statute's text nor its structure supports this argument."). We cannot read ambiguity into a statute that is not there. *See Dodd v. United States*, 545 U.S. 353, 357 (2005) ("We 'must presume that [the] legislature says in a statute what it means and means in a statute what it says there.'" (citation omitted)). We are therefore constrained to conclude that the crime of kidnapping under § 1201 is not an aggravated felony. Accordingly, the DHS's appeal will be dismissed.

**ORDER:** The appeal of the Department of Homeland Security is dismissed.