People v Go (2022 NY Slip Op 04258)

People v Go

2022 NY Slip Op 04258

Decided on July 1, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 1, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

507 KA 17-00124

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOHN GO, DEFENDANT-APPELLANT. 

MATTHEW K. BOROWSKI, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (DANIEL J. PUNCH OF COUNSEL), FOR RESPONDENT. 

 Appeal, by permission of a Justice of the Appellate Division of the Supreme Court in the Fourth Judicial Department, from an order of the Erie County Court (Michael F. Pietruszka, J.), dated January 3, 2017. The order denied the motion of defendant to vacate a judgment of conviction pursuant to CPL 440.10. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law and the matter is remitted to Erie County Court for further proceedings in accordance with the following memorandum: Defendant appeals from an order summarily denying his motion pursuant to CPL 440.10 seeking to vacate a judgment convicting him, upon his plea of guilty, of attempted arson in the third degree (Penal Law §§ 110.00, 150.10 [1]). Defendant, who is not a United States citizen, contends that he was denied effective assistance of counsel under the Federal Constitution based on defense counsel's affirmative misadvice to him regarding the immigration consequences of his guilty plea. In support of the motion, defendant's attorney on the motion averred that defense counsel had given advice that was consistent with an assumption that the crime that defendant was pleading guilty to was a crime of moral turpitude within the meaning of the Immigration and Nationality Act (INA), for which an immigration judge could grant a cancellation of removal, when in actuality defendant was pleading guilty to an aggravated felony under the INA that would almost certainly result in deportation.
Where, as here, a defendant asserts that he or she was denied effective assistance of counsel under the Federal Constitution, he or she must meet the two-part standard set forth in Strickland v Washington (466 US 668, 687 [1984]). First, the defendant "must show that counsel's representation fell below an objective standard of reasonableness" (id. at 688). Second, the defendant must show prejudice, i.e., that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different" (id. at 694). In the plea context, "the defendant must show that there is a reasonable probability that, but for counsel's errors, he [or she] would not have pleaded guilty and would have insisted on going to trial" (Hill v Lockhart, 474 US 52, 59 [1985]; see People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014]).
In Padilla v Kentucky (559 US 356, 363-371 [2010]), the United States Supreme Court applied the Strickland two-part test to a claim of ineffective assistance of counsel based on defense counsel's alleged inadequacy in advising the defendant of the immigration consequences of his guilty plea. The Court held that a defense counsel " 'must advise [his or] her client regarding the risk of deportation,' but the Court also cautioned that counsel's duty 'is more limited' where the 'deportation consequences of a particular plea are unclear or uncertain' " (Hernandez, 22 NY3d at 975, quoting Padilla, 559 US at 367, 369).
At the time defendant pleaded guilty, the Second Circuit had held "that a conviction under New York Penal Law §§ 110[.00] and 150.10 constitutes an aggravated felony . . . , rendering an alien ineligible for cancellation of removal" and, after defendant pleaded guilty, the [*2]Second Circuit's judgment was affirmed by the United States Supreme Court (Torres v Holder, 764 F3d 152, 159 [2d Cir 2014], affd sub nom. Torres v Lynch, 578 US 452 [2016]). The People assert that the deportation consequences of defendant's guilty plea were not easily determined by the terms of the applicable federal statute and that it was not until the Second Circuit's judgment was affirmed that it became clear that attempted arson in the third degree, as defined by New York's Penal Law, is an aggravated felony under the INA. When removal consequences are unclear, "a criminal defense attorney need do no more than advise a noncitizen client that pending criminal charges may carry a risk of adverse immigration consequences" (Padilla, 559 US at 369; see People v Castro, 133 AD3d 986, 987 [3d Dept 2015]; People v Dealmeida, 124 AD3d 1405, 1406 [4th Dept 2015]). Here, however, defense counsel did not simply advise defendant that he may be deported but instead affirmatively misadvised defendant regarding the immigration consequences of his plea by telling defendant that his risk of deportation "diminish[ed]" because "the crime occurred beyond five years of him obtaining his green card." That was incorrect advice inasmuch as defendant was pleading guilty to a crime that was an aggravated felony under governing federal law (see Torres, 764 F3d at 159), and he was thus ineligible for cancellation of removal (see 8 USC § 1229b [a] [3]; Torres, 764 F3d at 155, 159). Where, as here, defense counsel gives incorrect advice regarding the immigration consequences of a guilty plea, that constitutes ineffective assistance under the first prong of Strickland (see Padilla, 559 US at 369; People v McDonald, 1 NY3d 109, 114-115 [2003]; People v Bennett, 139 AD3d 1350, 1351 [4th Dept 2016]), and we thus conclude that County Court erred in concluding otherwise.
With respect to the second prong under Strickland, the People assert, as an alternative ground for affirmance, that defendant failed to make a prima facie showing of prejudice inasmuch as he did not submit an affidavit in support of the motion stating that, but for defense counsel's error, he would not have pleaded guilty (see CPL 440.30 [1] [a]; [4] [b]; People v Dogan, 37 NY3d 1007, 1007-1008 [2021]; People v Delorbe, 35 NY3d 112, 121 [2020]). The court, however, did not deny the motion on that ground, and we are thus precluded by People v Concepcion (17 NY3d 192, 194-196 [2011]) from affirming on the ground that defendant failed to sufficiently allege prejudice (see People v Bailey [appeal No. 2], 129 AD3d 1493,
1495-1496 [4th Dept 2015]; People v Abuhamra, 107 AD3d 1630, 1630-1631 [4th Dept 2013], lv denied 22 NY3d 1038 [2013]; People v Santana, 101 AD3d 1664, 1664 [4th Dept 2012], lv denied 20 NY3d 1103 [2013]).
We therefore reverse the order and remit the matter to County Court for a hearing with respect to prejudice, i.e., whether there is a reasonable probability that, but for counsel's misadvice regarding the immigration consequences of defendant's plea, he would not have pleaded guilty and would have insisted on going to trial.
Entered: July 1, 2022
Ann Dillon Flynn
Clerk of the Court