In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-1866

JOSE PALMA-MARTINEZ,

*Petitioner*,

*v.*

LORETTA E. LYNCH,* Attorney
General of the United States,

*Respondent*.

On Petition for Review of an Order of the
Board of Immigration Appeals.
No. A098-653-358.

ARGUED FEBRUARY 10, 2015 — DECIDED MAY 11, 2015

Before POSNER, MANION, and TINDER, *Circuit Judges*.

MANION, *Circuit Judge*. Jose Miguel Palma-Martinez peti-
tions for review of the Board of Immigration Appeals (BIA)
decision affirming the Immigration Judge's (IJ) order of re-
moval. Because the IJ neither erred in holding that Palma-

---

* We substitute Loretta E. Lynch, the current Attorney General of the
United States, as the Respondent in this action. *See* Fed. R. App. P. 43(c).

Martinez was ineligible for a waiver nor abused his discretion in denying Palma-Martinez a continuance, we deny the petition.

## I. Background

Palma-Martinez is a native of Guatemala. He became a lawful permanent resident in 2007. In 2011, he pleaded guilty to conspiracy to knowingly transfer a false identification document in violation of 18 U.S.C. § 1028(f). On May 6, 2013, the government commenced removal proceedings against him with a notice to appear in immigration court charging that he was removable under Section 237(a)(2)(A)(i) of the Immigration and Nationality Act (INA) for having committed a crime of moral turpitude[1] within five years after admission. *See* 8 U.S.C. § 1227(a)(2)(A)(i).

Before the IJ, Palma-Martinez admitted the allegations contained in the notice, but requested a continuance because he had filed a motion to set aside and vacate his conviction. He also argued that he was eligible for a stand-alone waiver of inadmissibility under INA § 212(h) granted *nunc pro tunc*. *See* 8 U.S.C. § 1182(h). On September 30, 2013, the IJ ordered that Palma-Martinez be removed because he had not demonstrated good cause for a continuance and was ineligible for a waiver under § 212(h). On March 21, 2014, the BIA affirmed the IJ's decision. Palma-Martinez appeals.

---

[1] 18 U.S.C. § 1028 makes it a felony to commit fraud and related activity in connection with identification documents and the authentication features and information of identification documents. Crimes involving fraud have always been considered crimes of moral turpitude. *See Jordan v. De George*, 341 U.S. 223 (1951).

## II. Analysis

"When the BIA adopts and affirms the IJ's decision and adds its own analysis … we review both decisions. We apply the principles of *Chevron* deference to the BIA's interpretation of the immigration laws." *Halim v. Holder*, 755 F.3d 506, 511 (7th Cir. 2014) (citation omitted). A determination of whether an immigrant is eligible for a § 212(h) waiver is a legal one which we review *de novo*. *Papazoglou v. Holder*, 725 F.3d 790, 792 (7th Cir. 2013). The granting of a continuance is within the sound discretion of the IJ and is reviewed for abuse of discretion. *Hassan v. I.N.S.*, 110 F.3d 490, 492 (7th Cir. 1997).

### A. Palma-Martinez was ineligible for a stand-alone waiver.

Under INA § 212(h) the Attorney General may waive the ground of inadmissibility applicable to Palma-Martinez (the crime of moral turpitude) if the denial of admission would result in extreme hardship to a lawfully resident family member and he is applying or reapplying for a visa, admission, or an adjustment of status. 8 U.S.C. § 1182 (h)(1)(B), (C)(2). According to 8 C.F.R. § 1245.1(f), the sole means of requesting a § 212(h) waiver for an alien in the United States is to submit an application concurrent with an application for adjustment of status. Palma-Martinez characterized his request for a § 212(h) waiver as a stand-alone application because he did not apply concurrently for an adjustment of status.[2]

---

[2] Palma-Martinez did not apply concurrently for an adjustment of status because he had already sought and obtained an adjustment of status to permanent resident in 2007.

Our decision in *Klementanovsky v. Gonzales*, 501 F.3d 788 (7th Cir. 2007), forecloses the argument that a § 212(h) waiver is available to aliens facing removal. In that case we held that the plain language of § 212(h) limits waivers to aliens who seek a visa, admission, or an adjustment of status, so that, conversely, § 212(h) waivers are not available to aliens who wish to avoid removal. We further held that Congress's distinction between aliens seeking admission and those being deported is not an equal protection violation. *Id.* at 792–93.

This is why Palma-Martinez sought a *nunc pro tunc* ("now for then") waiver. For a time, a waiver granted *nunc pro tunc* could cure the grounds for an alien's inadmissibility retroactively. *Id.* at 790. It did this for aliens in Palma-Martinez's circumstances by treating the alien as if he had been placed in admissibility proceedings after returning from a foreign trip. The alien, however, must actually have taken the foreign trip. There may have been some confusion in the past about the availability of stand-alone § 212(h) waivers granted *nunc pro tunc*. In *The Matter of Rivas*, 26 I. & N. Dec. 130. (BIA 2013), however, the BIA definitely determined that they are not available.

In response, Palma-Martinez relies on *Margulis v. Holder*, 725 F.3d 785 (7th Cir. 2013), in which we overturned the BIA's denial of a waiver and stated that because *Rivas*'s decision invalidating *nunc pro tunc* waivers "was based on a statutory interpretation, there may be room for argument to a reviewing court that the *Rivas* decision is erroneous." *Id.* at 789. However, *Rivas*'s holding has since been affirmed by the Eleventh Circuit, *Rivas v. U.S. Atty. Gen.*, 765 F.3d 1324, 1326 (11th Cir. 2014), and followed by the Sixth Circuit, *Fayzullina v. Holder*, 777 F.3d 807, 816 (6th Cir. 2015) ("[T]he *nunc pro*

*tunc* waiver concept … has since been definitively repudiated by the BIA.") (citing *Rivas*, 765 F.3d at 1329).

Furthermore, Palma-Martinez misunderstands our holding in *Margulis*. In that case, Margulis drove to Canada but was denied entry, so he performed a U-turn and returned to the United States. Upon returning, he was placed in removal proceedings, rather than admissibility proceedings, because immigration officials determined that he never left the United States even though he briefly crossed the border into Canada. We remanded the case because the BIA did not support its conclusion that Margulis had not departed and was not seeking admission. *Margulis*, 725 F.3d at 789. We did not rule on the availability of *nunc pro tunc* waivers; we explicitly stated: "Our grant of the petition for review is not a ruling that the petitioner is entitled to the waiver that he's seeking. That remains to be seen." *Id*. Even if we had ruled that a *nunc pro tunc* waiver was available, *Margulis* is distinguishable: Unlike Margulis, Palma-Martinez never departed the United States.[3] Thus, he may only request a waiver of inadmissibility in conjunction with an application for adjustment of status, or by seeking admission from outside the United States.

### B. The IJ did not err by denying Palma-Martinez a continuance.

The issue of the continuance is moot. Palma-Martinez argues on appeal that the IJ should have granted him a contin-

---

[3] Palma-Martinez never claims that he took a foreign trip after his conviction. He simply asserts that a *nunc pro tunc* waiver would apply to him. Therefore, Parma-Martinez is more like Klementanovsky than Margulis in this respect.

uance while he pursued his motion challenging his underly-
ing conviction, but his motion was dismissed by the district
court on January 14, 2014, at his request.[4] Accordingly, his
need for a continuance to pursue post-conviction relief is no
longer a live controversy. *See Qureshi v. Gonzales*, 442 F.3d
985, 988 (7th Cir. 2006) (alien's challenge to the IJ's denial of
continuance to await his wife's I-130 petition rendered moot
by the intervening dismissal of the I-130 petition).

Alternatively, the IJ's denial of a continuance was not an
abuse of discretion. Palma-Martinez had to demonstrate
good cause for the continuance. 8 C.F.R. §§ 1003.29, 1240.6.
However, as the IJ pointed out, a pending collateral attack is
not good cause because its tentative nature does not affect
the finality of the conviction for immigration purposes. *See
U.S. v. Wilson*, 240 Fed. Appx. 139, 144 (7th Cir. 2007). Fur-
thermore, the IJ found that the post-conviction relief was too
speculative. Palma-Martinez filed his post-conviction motion
arguing ineffective assistance of counsel because his attorney
did not advise him of the effect his guilty plea would have
on his immigration status. However, the IJ quoted the por-
tion of the guilty plea transcript where Palma-Martinez ad-
mits to the judge that he waived any claim to ineffective as-
sistance of counsel, that he understood his guilty plea could
affect his immigration status, and that his attorney advised
him of this. *See Jimenez-Guzman v. Holder*, 642 F.3d 1294,
1297–98 (10th Cir. 2011) (denial of continuance not an abuse
of discretion because pending collateral attack did not affect

---

[4] Curiously, Palma-Martinez did not mention in his brief that his
post-conviction motion was dismissed, even though his brief was filed
after the motion's dismissal.

finality of conviction and because plea agreement foreclosed any claim of ineffective assistance of counsel).

### III. Conclusion

The IJ neither erred in holding that Palma-Martinez was ineligible for a stand-alone waiver under INA § 212(h), nor abused his discretion in denying Palma-Martinez a continuance. Accordingly, the petition for review is DENIED.