**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted July 22, 2016[*]
Decided July 26, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 15-3229

| | |
|---|---|
| ABELARDO BARRIENTOS ARNOBIT, *Petitioner,* | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A041-245-950 |
| LORETTA E. LYNCH, Attorney General of the United States, *Respondent.* | |

**O R D E R**

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus the appeal is submitted on the briefs and the record. See FED. R. APP. P. 34(a)(2)(C).

Abelardo Barrientos Arnobit, a citizen of the Philippines, petitions pro se[1] for review of a final order of the Board of Immigration Appeals affirming an immigration judge's denial of his request for a fourth continuance. We deny the petition.

Arnobit, then in his early thirties, entered the United States as a lawful permanent resident in 1987. Nine years after his arrival, in 1996, he pleaded *nolo contendere* to two crimes—attempted grand theft of a vehicle and receiving stolen property. In 2009 the government initiated removal proceedings alleging that Arnobit was removable because these were convictions for crimes involving moral turpitude. See 8 U.S.C. § 1227(a)(2)(A)(ii).

The proceedings have been protracted. The IJ first granted Arnobit a continuance in March 2010 to obtain counsel. When Arnobit appeared with counsel in December 2010, the IJ found him removable but granted a second continuance to apply for a waiver under the former § 212(c) of the Immigration and Nationality Act—a discretionary waiver of removability available to lawful permanent residents who were domiciled in the United States at least seven consecutive years. See 8 U.S.C. § 1182(c) (repealed 1996); *INS v. St. Cyr*, 533 U.S. 289, 294–98, 315 (2001). At the next hearing in November 2011, Arnobit, through counsel, submitted an application for a § 212(c) waiver, and the IJ scheduled another hearing date two years later to consider the merits. At the hearing in January 2014, Arnobit appeared with new counsel, and the government presented new information that he also had been convicted in California in 2009 for possessing a controlled substance, a conviction that likely made him ineligible for a § 212(c) waiver. See 8 U.S.C. § 1182(c) (repealed 1996); *United States v. De Horta Garcia*, 519 F.3d 658, 659 (7th Cir. 2008). "Out of an abundance of caution," the IJ said, she wanted to see more documentation concerning Arnobit's criminal dispositions, so she granted Arnobit "one more continuance."

Four months later Arnobit conceded that he was not eligible for the § 212(c) waiver but asked for a fourth continuance. Arnobit, through counsel, told the IJ that he wanted time to seek a pardon to vacate the California controlled-substance offence. He also advised the IJ that he was awaiting a decision in a case pending before this court that would allow "stand-alone" applications for a § 212(h) waiver of inadmissibility (instead of requiring a concurrent application for adjustment of status). See 8 U.S.C. § 1182(h); *Klementanovsky v. Gonzales*, 501 F.3d 788, 792–94 (7th Cir. 2007).

---

[1] After briefing in this court had been completed, Arnobit's counsel moved to withdraw and we granted the motion.

The IJ denied Arnobit's request for another continuance because the possibilities of a pardon or a favorable ruling from this court regarding § 212(h) waivers were "far too speculative." Because Arnobit's removability had been established by clear and convincing evidence, the IJ ordered his removal. The IJ agreed, however, to reopen the matter if Arnobit obtained a pardon or became eligible for a § 212(h) waiver. The IJ's decision was upheld by the Board of Immigration Appeals, which concluded that Arnobit's hope for a "stand-alone" § 212(h) waiver had since been foreclosed by our recent holding in *Palma-Martinez v. Lynch*, 785 F.3d 1147, 1149–50 (7th Cir. 2015), and that Arnobit did not demonstrate good cause for a continuance based on the "speculative possibility" of postconviction relief.

When an alien such as Arnobit is removable for committing crimes involving moral turpitude, we generally lack jurisdiction under 8 U.S.C. § 1252(a)(2)(C) to review the final order of removal, including prior procedural orders like a motion for a continuance. See *Moral–Salazar v. Holder*, 708 F.3d 957, 960–62 (7th Cir. 2013). But we retain jurisdiction to review constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(D); *Adame v. Holder*, 762 F.3d 667, 670, 672–73 (7th Cir. 2014). In his petition, Arnobit raises a legal question when he argues that the IJ and the Board did not sufficiently explain their denial of his request for a continuance and did not follow *Matter of Hashmi*, 24 I. & N. Dec. 785 (BIA 2009), a precedential Board decision that outlined factors an IJ may consider when determining whether good cause exists to continue removal proceedings pending the adjudication of a family-based visa petition.

Even if we assume that Arnobit's submission to the Board sufficiently raised the issue of the adequacy of the IJ's explanation, his argument fails. The IJ and Board sufficiently explained why a continuance was not warranted: the speculative possibility of post-conviction relief did not demonstrate good cause and our decision in *Palma-Martinez* upheld the Board's interpretation that a "stand-alone" § 212(h) waiver was not available for aliens in Arnobit's circumstances. See 8 C.F.R. § 1003.29; *Palma-Martinez*, 785 F.3d at 1150–51. Moreover, here the IJ and Board did not fail to follow precedent: *Hashmi* outlined factors to be considered when an adjustment-of-status application is pending, and that is not the case here. *Matter of Hashmi*, 24 I. & N. Dec. at 790.

Arnobit also asserts generally that the IJ and the Board denied him his due process right to a "full and fair hearing on the merits of his case," but this charge is the type of unfocused argument that this court has repeatedly concluded does *not* present a

constitutional claim. See *Delgado v. Holder*, 674 F.3d 759, 765 (7th Cir. 2012); *Portillo–Rendon v. Holder*, 662 F.3d 815, 817 (7th Cir. 2011).

Accordingly, Arnobit's petition is DENIED.