10-3335-ag
Zhao v. Holder

BIA
Nelson, IJ
A099 679 936

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of July, two thousand eleven.

Present:
        Guido Calabresi,
        Gerard E. Lynch,
        Raymond J. Lohier, Jr.,
            *Circuit Judges*.

_____

Mengquan Zhao,
                *Petitioner*,

        v.                                  10-3335-ag
                                            NAC

Eric H. Holder, Jr., United States Attorney General,
                *Respondent*.

_____

**FOR PETITIONER:**        Oleh R. Tustaniwsky, Brooklyn, New York.

**FOR RESPONDENT:**        Tony West, Assistant Attorney General; James E. Grimes, Senior Litigation Counsel; William C. Minick, Trial Attorney, Civil Division, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the motion for summary denial/dismissal is DENIED and that the petition for review is DENIED.

Petitioner Mengquan Zhao, a native and citizen of China, seeks review of a July 19, 2010, decision of the BIA affirming the September 24, 2008, decision of Immigration Judge ("IJ") Barbara A. Nelson denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mengquan Zhao*, No. A099 679 936 (B.I.A. July 19, 2010), *aff'g* No. A099 679 936 (Immig. Ct. N.Y.C. Sept. 24, 2008).

Zhao's requests for relief are based on the claims that his wife had been forcibly aborted, that he and his wife had been forced to pay a fine for her unauthorized pregnancy, and that he feared he would be persecuted if returned to China as a result of their violation of China's family planning policy. Certified Administrative Record ("CAR") at 221-34. The IJ found that Zhao was not credible, pointing to inconsistencies between Zhao's testimony and his written statement as well as inconsistencies between two letters from Zhao's wife, noting that it appeared that Zhao changed his story to reflect "other

resistance" after this court clarified that an applicant is not eligible for asylum based on the forced abortion of his spouse.  *Id*. at 72-75 (citing *Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296 (2d Cir. 2007)). We assume the parties' familiarity with the additional underlying facts and procedural history of the case.

Contending that Zhao's petition is frivolous, Respondent moved for summary denial of the petition. This court may "dismiss [a] . . . petition for review as frivolous when the . . . petition presents no arguably meritorious issue for [] consideration."  *Pillay v. INS*, 45 F.3d 14, 17 (2d Cir. 1995). Accordingly, we treat this motion as one for summary dismissal. Summary action is, however, "a rare exception to the completion of the appeal process[,] . . . available only if an appeal is truly 'frivolous.'"  *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2009) (distinguishing between an easy case for which the outcome "seems obvious"and a frivolous case that is "inarguable or fanciful"); *accord Love v. McCray*, 413 F.3d 192, 194 (2d Cir. 2005). A petition is frivolous if it lacks an arguable basis in law or fact such that it presents an "indisputably meritless legal theory" or "factual contentions [that] are clearly baseless."  *Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *see also Der-Rong Chour v.*

*INS*, 578 F.2d 464, 468 (2d Cir. 1978) (granting summary denial where the petition raised no "colorable legal or factual basis for the relief sought"); *Pillay*, 45 F.3d at 16.

Zhao's argument–that the IJ erred in finding him incredible–is comfortably within the range of arguments we entertain in typical immigration proceedings. Were we to agree with him that the IJ erred, he would be entitled to have his case remanded for reconsideration. This makes his legal theory not "indisputably meritless." Indeed, this case is precisely the type in which the outcome "seems obvious" but the arguments are not "fanciful." Therefore, summary dismissal is inappropriate here. Respondent's motion is DENIED.

Because both parties have submitted briefs dealing with the merits of Zhao's petition, however, in the interests of judicial economy, we see fit to dispose of the petition on its merits now. Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008) (internal quotation marks omitted). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). Zhao's application is governed by the REAL ID Act, and so the agency may base a credibility finding on an

asylum applicant's demeanor, the plausibility of his or her account, and inconsistencies in his or her statements, without regard to whether they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii).

We "defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008). Given the omissions in Zhao's written application and in the letter submitted by his wife, substantial evidence supports the IJ's adverse credibility determination. *See* 8 U.S.C. § 1231(b)(3)(c) (cross-referencing 8 U.S.C. § 1158(b)(1)(B)(iii)). Nothing Zhao presents in his petition compels reversal.

Because Zhao's claims all were based on the same factual predicate, the IJ's adverse credibility determination constitutes a proper basis for the denial of his withholding of removal and CAT claims as well. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 523 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED,

and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                                    FOR THE COURT:
                                    Catherine O'Hagan Wolfe, Clerk