In the

# United States Court of Appeals
## For the Seventh Circuit

No. 19-2126

JOSE ANTONIO SIMENTAL-GALARZA,

*Petitioner*,

*v.*

WILLIAM P. BARR, Attorney General
of the United States,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
No. A206-274-723

ARGUED DECEMBER 17, 2019 — DECIDED JANUARY 2, 2020

Before RIPPLE, SYKES, and ST. EVE, *Circuit Judges*.

PER CURIAM. Jose Antonio Simental-Galarza, a 36-year-old citizen of Mexico, seeks relief from removal, contending that he is a battered spouse and would suffer extreme hardship if removed. The Immigration Judge and the Board of Immigration Appeals ruled that Simental-Galarza did not qualify for relief because he did not establish hardship. Because the IJ and Board adequately evaluated the relevant factors and the

evidence that Simental-Galarza presented, we deny the petition for review.

**Background**

Simental-Galarza unlawfully entered the United States from Durango, Mexico, in 2001. He married Jolene Avitia, a United States citizen, in 2013; they divorced three years later. Around the time of the divorce, Simental-Galarza came to the attention of immigration authorities. He was charged as removable under the Immigration and Nationality Act, 8 U.S.C. § 1182(a)(6)(A)(i), for having entered and remained in the United States without lawful admission.

Simental-Galarza conceded to the charge but sought cancellation of removal as a battered spouse under 8 U.S.C. § 1229b(b)(2). Under § 1229b, the Attorney General may cancel Simental-Galarza's removal if he demonstrates that he was battered or subjected to extreme cruelty by his spouse and that his removal would result in extreme hardship. § 1229b(b)(2)(A)(i)(I), (b)(2)(A)(v). (In the alternative, Simental-Galarza asked for voluntary departure.) At his immigration hearing, Simental-Galarza offered evidence of physical, verbal, and psychological abuse. During three unhappy years of marriage with Avitia, he explained, she attacked him, slapping him more than 20 times. At other times, she insulted him, yelled at him, and called him obscene names. She also often threatened to call the authorities to "come after" him. Finally, she was unfaithful and stole money from him.

Because of the toll that this abuse took on Simental-Galarza and his long ties to the United States, he argued to the IJ that removal would cause him extreme hardship. He testified that the abuse left him depressed and unable to start

another romantic relationship. His sister-in-law confirmed that since the divorce, Simental-Galarza rarely talked, never laughed, and did not trust people. A licensed clinical social worker diagnosed him with anxiety, severe depression, post-traumatic stress disorder, and dependent personality disorder. Therefore, the social worker advised, he should continue therapy in a stable, supportive environment. Simental-Galarza thought that the United States was the best environment for him: Most of his family resides here—his parents are deceased, and three brothers and two sisters live here. Also, in the 17 years that he has lived here, he has had steady work (as a landscaper, at his brother's restaurant, and removing snow in the winter). By contrast, "it's very hard" in Mexico, where wages are low, violence is high, and it is difficult to find employment without a strong family network. His sister-in-law predicted that if Simental-Galarza were removed, he would "shut down" physically and emotionally because all his close family members reside in the United States. She also speculated that Mexico did not have the mental health resources that are available here, but no witness offered evidence that Simental-Galarza could not receive mental health treatment in Mexico.

Simental-Galarza did not receive cancellation of removal. The IJ concluded that he had failed to establish that he is a battered spouse or that his return to Mexico would cause extreme hardship, as required under 8 U.S.C. § 1229b(b)(2). Although Simental-Galarza would lose family ties and employment in the United States, the IJ reasoned, that loss is a consequence of most removals, and no medical condition disabled him from finding employment in Mexico. (The IJ then granted Simental-Galarza's alternative request for voluntary departure.) The Board dismissed Simental-Galarza's appeal. It

assumed that he was a battered spouse but affirmed that he
had not shown hardship beyond that which is typical from
removal. The Board first ruled that Simental-Galarza had not
demonstrated that he could not obtain work in Mexico. And
although Mexico can be violent, the Board acknowledged, Si-
mental-Galarza had not shown that he would personally face
violence. Finally, the Board supplemented the IJ's rationale by
observing that Simental-Galarza had "not shown that he
could not obtain treatment for his anxiety and depression in
Mexico."

## Analysis

When, as here, the Board dismisses an appeal from an IJ's
decision and supplements that decision with its own reason-
ing, we review both decisions together. *See Pouhova v. Holder*,
726 F.3d 1007, 1011 (7th Cir. 2013). Because the Board as-
sumed that Simental-Galarza was a battered spouse under 8
U.S.C. § 1229b(b)(2), the parties dispute whether the Board
wrongly decided the question of extreme hardship.

Simental-Galarza mainly contends that the IJ and Board
did not explicitly mention his post-traumatic stress disorder,
dependent personality disorder, and lack of treatment op-
tions in Mexico. He argues that the agency's failure to address
this material evidence constituted a legal error and that we
should remand for the agency to consider his mental health
evidence anew.

Before turning to the merits, however, we must first ad-
dress our ability to consider Simental-Galarza's petition. We
generally do not have jurisdiction to review discretionary de-
cisions from immigration proceedings. *See* 8 U.S.C. §
1252(a)(2)(B)(i). But under § 1252(a)(2)(D), we retain

jurisdiction to review constitutional claims and questions of law. Simental-Galarza contends that he has raised a legal question—whether, in deciding the matter of extreme hardship, the IJ and Board failed to consider his evidence about a lack of treatment options in Mexico. The government maintains that his petition merely questions the agency's discretionary decision to deny cancellation of removal, which is unreviewable.

Simental-Galarza is correct about jurisdiction. He does not quarrel with how the agency weighed the evidence that it actually considered; we would not have jurisdiction to review such a dispute. *See Cruz-Moyaho v. Holder*, 703 F.3d 991, 997 (7th Cir. 2012). Rather, he contends that the agency ignored material evidence. That contention generally raises a legal question that this court can review. *See, e.g.*, *Arej v. Sessions*, 852 F.3d 665, 667 (7th Cir. 2017); *Silais v. Sessions*, 855 F.3d 736, 743 (7th Cir. 2017); *Iglesias v. Mukasey*, 540 F.3d 528, 531 (7th Cir. 2008). We therefore have jurisdiction to address his argument that the IJ and Board ignored relevant evidence.

Four categories of evidence are relevant to whether an alien has met the extreme-hardship standard: (1) the alien's familial ties in the United States; (2) the significant conditions of the alien's health and the availability of medical care in the country of relocation; (3) the conditions of, and the alien's ties to, the country of relocation; and (4) the financial impact of departure from the United States. *See Matter of Cervantes-Gonzalez*, 22 I & N Dec. 560, 565–66 (BIA 1999); *see also* 8 C.F.R. § 1240.58(b), (c). The IJ and Board "are not required to offer an independent analysis of each listed factor." 8 C.F.R. § 1240.58(a).

The IJ and Board discussed all four factors.

To begin with, the IJ and Board considered the evidence that Simental-Galarza presented about the first and fourth factors—his family ties in the United States and the financial impact of removal. In terms of family ties, the IJ acknowledged Simental-Galarza's employment and family connections in the United States but concluded that severing these ties is no different from what happens in a typical removal case. The IJ also considered whether Simental-Galarza, who had worked here for over a decade as a landscaper and in a restaurant, was physically or mentally unable to work in Mexico. Despite Simental-Galarza's worries that wages in Mexico are low and jobs are not as abundant as in the United States, the IJ did not believe that Simental-Galarza was disabled from finding gainful work in Mexico. Thus, in terms of financial impact and lost familial ties, the IJ concluded that the hardship that Simental-Galarza would face was not extreme.

Simental-Galarza principally focuses on the other two factors—his poor mental health and need for family support in the United States to help treat him, and the violence in his native state of Durango. His argument, however, is unpersuasive. True, the IJ did not explicitly analyze Simental-Galarza's mental health, but the IJ did state in its decision that it considered Simental-Galarza's documentary evidence, which included his psychological assessment. Furthermore, the Board did address Simental-Galarza's mental health. It acknowledged Simental-Galarza's mental ailments and ruled that, despite concerns that the United States was a better place for him to heal, he had not shown that he could not obtain effective treatment for his mental health conditions in Mexico. The Board also acknowledged that Mexico can be violent, but correctly noted that Simental-Galarza had not provided evidence that he personally was at risk of it.

This discussion of the four factors was legally adequate. The Board and IJ considered the evidence that Simental-Galarza presented and decided that it did not establish extreme hardship under 8 U.S.C. § 1229b(b)(2)(A)(v). *See Perez-Fuentes v. Lynch*, 842 F.3d 506, 512 (7th Cir. 2016) ("[T]he IJ is not required to mention each piece of evidence in its decision; the IJ need only *consider* the evidence."). Although the agency's discussion was brief, it sufficed to show that the agency considered his arguments. *See Cruz-Moyaho*, 703 F.3d at 998. To the extent that Simental-Galarza disagrees with the assessment of his argument that the United States is a better place for him, as stated earlier, that contention is beyond this court's jurisdiction. *See Jawad v. Holder*, 686 F.3d 400, 404 (7th Cir. 2012).

Accordingly, Simental-Galarza's petition for review is DENIED.