*Quito v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

August Term 2019

(Argued: November 12, 2019     Decided: January 15, 2020)

Docket No. 18-996

_____

SERGIO QUITO

*Petitioner,*

— v. —

WILLIAM P. BARR, United States Attorney General,

*Respondent.*

_____

Before:          WESLEY, LIVINGSTON, and BIANCO, *Circuit Judges*.

Petitioner Sergio Quito, a native and citizen of Ecuador, seeks review of a March 19, 2018 Board of Immigration Appeals decision affirming an immigration judge's September 13, 2017 decision denying his motion to terminate removal proceedings, his applications for a waiver of inadmissibility and readjustment of status, and ordering him removed. Petitioner argues that his conviction for attempted possession of a sexual performance by a child is not an aggravated felony and that the agency committed legal and factual errors in denying his application for a waiver of inadmissibility. Because we conclude that petitioner's conviction is an aggravated felony and his remaining arguments fail to raise a colorable constitutional claim or question of law, we **DENY** the petition for review.

CORY FORMAN, Cohen Forman Barone, LLP, New York, NY, *for Petitioner*.

ANN M. WELHAF, Trial Attorney (Joseph H. Hunt, Assistant Attorney General, Stephen J. Flynn, Assistant Director, and Lynda A. Do, Trial Attorney, *on the brief*), Office of Immigration Litigation, United States Department of Justice, Washington, D.C., *for Respondent*.

JOSEPH F. BIANCO, *Circuit Judge*:

Petitioner Sergio Quito, a native and citizen of Ecuador, seeks review of a March 19, 2018 Board of Immigration Appeals ("BIA") decision affirming an immigration judge's September 13, 2017 decision denying his motion to terminate removal proceedings, his applications for a waiver of inadmissibility and readjustment of status, and ordering him removed. Quito argues that his conviction, after a guilty plea, for attempted possession of a sexual performance by a child under New York Penal Law ("N.Y. Penal Law") § 263.16 is not an aggravated felony under the Immigration and Nationality Act ("INA") § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii). He also asserts that the agency

erred in denying his application for a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). Because we conclude that Quito's conviction under N.Y. Penal Law § 263.16 is an aggravated felony, and his remaining arguments fail to raise a colorable constitutional claim or question of law, we deny the petition for review.

## BACKGROUND

Quito entered the United States without inspection in 1994 and became a lawful permanent resident in 2007. In 2012, he was convicted, after a guilty plea, of attempted possession of a sexual performance by a child in violation of N.Y. Penal Law § 263.16. Based on that conviction, the Department of Homeland Security placed Quito in removal proceedings, charging him as removable for having been convicted of an aggravated felony, or an attempt to commit an aggravated felony, relating to child pornography under the INA. 8 U.S.C. § 1101(a)(43)(I), (U).

3

Quito denied removability and moved to terminate the proceedings. He argued that his conviction was not an aggravated felony because § 263.16 sweeps more broadly than the relevant federal child pornography statute, 18 U.S.C. § 2252(a)(4)(B). Quito also sought discretionary relief in the form of a hardship-based waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h), and readjustment of status under INA § 245(a), 8 U.S.C. § 1255(a). To that end, Quito's wife, daughter, and sister-in-law testified during a hearing before the immigration judge about the financial and emotional hardships they experienced during Quito's detention.

In September 2017, an immigration judge ordered Quito removed. He concluded that Quito's conviction under § 263.16 categorically fits within § 2252(a)(4)(B) and is thus an aggravated felony under the INA. In reaching that conclusion, the immigration judge relied in part on this Court's decision in *Weiland v. Lynch*, which held that a nearly identical New York statute, N.Y. Penal Law § 263.11, is an aggravated felony under the INA. 835 F.3d 207 (2d Cir. 2016) (per

curiam). As to Quito's applications for a waiver of inadmissibility and readjustment of status, the immigration judge assumed that Quito was eligible for that relief, but denied the relief in his discretion. He found that Quito's criminal history—which, in addition to his child pornography conviction, includes a 2001 second-degree harassment conviction stemming from an altercation with his wife and three disorderly conduct convictions in the 1990s for patronizing sex workers—outweighed the asserted hardships to his family. The immigration judge also expressed concern that Quito continued to minimize his culpability for the child pornography conviction.

The BIA affirmed the immigration judge's decision and dismissed Quito's appeal. It concluded that, under *Weiland*, Quito's conviction for violating § 263.16 is an aggravated felony. The BIA also agreed with the immigration judge's discretionary denial of a waiver of inadmissibility and readjustment of status, similarly reasoning that Quito's criminal history warranted denying that relief notwithstanding the hardships to his family.

Quito timely petitioned this Court. We granted a stay of removal and denied Respondent's motion to dismiss for lack of jurisdiction, concluding that we had jurisdiction to review whether Quito's conviction is an aggravated felony under the INA. We further noted that Quito's argument that § 263.16 is not an aggravated felony was colorable because *Weiland* did not address the argument that § 263.16 is broader than § 2252(a)(4)(B) because it does not require the prosecution to prove that the defendant knew the victim was under 18 years old.

## DISCUSSION

### I. Aggravated Felony Determination

Although we lack jurisdiction to review a final order of removal against a noncitizen convicted of an aggravated felony, 8 U.S.C. § 1252(a)(2)(C), we retain jurisdiction to review colorable constitutional claims and questions of law, *id.* § 1252(a)(2)(D), including whether a particular conviction constitutes an aggravated felony, *Ming Lam Sui v. I.N.S.*, 250 F.3d 105, 110 (2d Cir. 2001). We

6

review *de novo* whether Quito's conviction under § 263.16 is an aggravated felony. *Santana-Felix v. Barr*, 924 F.3d 51, 53 (2d Cir. 2019).

Under the INA, a noncitizen "who is convicted of an aggravated felony" is deportable. 8 U.S.C. § 1227(a)(2)(A)(iii). As relevant here, the INA defines "aggravated felony" to include an attempt to commit "an offense described in" 18 U.S.C. § 2252. *See id.* § 1101(a)(43)(I), (U). In turn, § 2252(a)(4)(B), which the parties agree is the relevant subsection here, criminalizes "knowingly possess[ing], or knowingly access[ing] with intent to view, . . . any visual depiction . . . of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2252(a)(4)(B).

To determine whether Quito's conviction is "an offense described in" § 2252(a)(4)(B), we employ the "categorical approach." *Moncrieffe v. Holder*, 569 U.S. 184, 190 (2013); *Hylton v. Sessions*, 897 F.3d 57, 60 (2d Cir. 2018). "Under this approach we look 'not to the facts of the particular prior case,' but instead to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal definition of a corresponding aggravated felony." *Moncrieffe*,

7

569 U.S. at 190 (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 186 (2007)).

"Generic," in this context, "mean[s] the offenses must be viewed in the abstract, to

see whether the state statute shares the nature of the federal offense that serves as

a point of comparison." *Id.* "Because we examine what the state conviction

necessarily involved, not the facts underlying the case, we must presume that the

conviction 'rested upon [nothing] more than the least of th[e] acts' criminalized,

and then determine whether even those acts are encompassed by the generic

federal offense." *Id.* at 190-91 (alterations in original) (quoting *Johnson v. United

States*, 559 U.S. 133, 137 (2010)).

Quito was convicted, after a guilty plea, of violating N.Y. Penal Law

§ 263.16. That statute proscribes "possessing a sexual performance by a child,"

and states that a person is guilty of the offense "when, knowing the character and

content thereof, he knowingly has in his possession or control, or knowingly

accesses with intent to view, any performance which includes sexual conduct by a

child less than sixteen years of age." N.Y. Penal Law § 263.16. Quito argues that

§ 263.16 is not a categorical match to § 2252 because the state statute is broader in two ways. First, Quito asserts that the requisite mental state under § 263.16 is less stringent than under § 2252. Second, he argues that § 263.16 does not permit an affirmative defense that is available under § 2252.

As a threshold matter, we disagree with Respondent that our decision in *Weiland* forecloses Quito's arguments. In *Weiland*, we held that § 263.11, which is nearly identical to § 263.16, is an aggravated felony under the INA. 835 F.3d at 210. The only argument that the petitioner raised to the contrary in that case, however, was that § 263.11 is not an aggravated felony because it lacks a federal jurisdictional element. *Id.* The *Weiland* Court found that argument unpersuasive under the Supreme Court's decision in *Torres v. Lynch*, 136 S. Ct. 1619, 1631 (2016), which held that federal jurisdictional elements are properly ignored when applying the categorical approach. *Id.* Because the petitioner did not raise any other arguments, the *Weiland* Court did not address the issues presented here— namely, whether New York's child pornography statute is not an aggravated

9

felony because (1) its knowledge requirement is less stringent than the federal

child pornography statute or because (2) it does not permit an affirmative defense

that is available under the federal statute. Thus, *Weiland* does not control our

decision here.[1]

For the reasons that follow, however, we conclude that § 263.16 categorically

matches § 2252(a)(4)(B) and that Quito's conviction is therefore an aggravated

felony under the INA.

**A. Scienter**

Quito first argues that § 263.16's knowledge requirement is broader than

§ 2252's because § 263.16 does not require the government to prove that the

defendant knew the age of the minor, while § 2252 does. We disagree and hold

that § 263.16's knowledge requirement categorically matches § 2252's.

---

[1] Similarly, although we stated in a footnote in *Oouch v. Department of Homeland Security*, 633 F.3d 119, 120 n.1 (2d Cir. 2011) that the petitioner's conviction under § 263.16 for possessing a sexual performance by a child "could have been a ground for removability under 8 U.S.C. § 1101(a)(43)(I)," that brief statement was dictum that does not control here.

At the outset, to the extent Quito argues that § 2252 requires the government to prove that the defendant knew the specific age of the minor (*e.g.*, whether the minor was 13 or 15 years of age), we disagree. In relevant part, § 2252 criminalizes "knowingly possess[ing], or knowingly access[ing] with intent to view, . . . any visual depiction . . . of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2252(a)(4)(B). In *United States v. X-Citement Video, Inc.*, the Supreme Court held that "the term 'knowingly' in § 2252 extends both to the sexually explicit nature of the material and to the age of the performers." 513 U.S. 64, 78 (1994). Quito appears to urge a literal reading of "the age of the performers," but, read in its entirety, *X-Citement Video* makes clear that the government must prove that the defendant knew that the performance involved a minor, not that the defendant knew the specific age of that minor. *See, e.g., id.* at 66, 68 (describing knowledge requirement under § 2252 as "know[ing] that one of the performers was a minor" and "'knowing[]' . . . the minority of the performers"). Moreover, circuit courts have consistently interpreted *X-Citement Video* to require knowledge only that the

11

visual depiction involved a minor. *See, e.g.*, *United States v. Haymond*, 672 F.3d 948, 957 (10th Cir. 2012) ("[T]o convict [the defendant], the government was required to prove he knew that the specific images he was convicted of possessing depicted minors engaged in sexually explicit conduct."); *United States v. Szymanski*, 631 F.3d 794, 799 (6th Cir. 2011) (concluding that defendant "must have known, not just that he was receiving *something*, but that what he was receiving was child pornography"); *United States v. Myers*, 355 F.3d 1040, 1042 (7th Cir. 2004) ("The Supreme Court has held that . . . § 2252(a)(2) includes a scienter requirement, and therefore encompasses only situations in which the defendant knows that the material he is receiving depicts minors engaged in sexually explicit conduct."); *United States v. Matthews*, 209 F.3d 338, 351 (4th Cir. 2000) (interpreting *X-Citement Video* to extend "knowledge requirement to . . . the sexually explicit nature of the materials as well as to the involvement of minors in the materials' production").

We likewise interpret § 2252 and *X-Citement Video* to require that the defendant

know the material he or she possesses is child pornography—meaning it involves a minor—but not that the defendant know the age of the minor.

Therefore, the relevant question here is whether § 263.16 also requires the government to prove that the defendant knew that the material he or she possessed involved a minor. We hold that it does. It is well-settled that criminal liability relating to child pornography "may not be imposed without some element of scienter on the part of the defendant," *New York v. Ferber*, 458 U.S. 747, 765 (1982), and that "the presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct," *X-Citement Video*, 513 U.S. at 72; *see also Staples v. United States*, 511 U.S. 600, 614-15 (1994) (rejecting "construction of the statute [that] potentially would impose criminal sanctions on a class of persons whose mental state . . . makes their actions entirely innocent"). As the Supreme Court explained in *X-Citement Video*, "the age of minority" in a child pornography offense is such an element "because nonobscene, sexually explicit materials involving persons over the age of

13

[minority] are protected by the First Amendment." 513 U.S. at 72 (collecting

Supreme Court decisions). In other words, because "one would reasonably expect

to be free from regulation when trafficking in sexually explicit, though not

obscene, materials involving adults . . . the age of the performers is the crucial

element separating legal innocence from wrongful conduct." *Id.* at 73.

Although the New York Court of Appeals has not specifically addressed the

knowledge that a defendant must have about the age of the depicted individuals

to be guilty under § 263.16, New York's intermediate appellate courts have

consistently indicated that the defendant must know that he or she possesses *child*

*pornography.* In *People v. Henry*, for example, the Third Department stated that,

to be guilty of violating § 263.16, "the defendant must be aware that he or she is in

possession of a sexual performance by a child." 166 A.D.3d 1289, 1290 (3d Dep't

2018). Similarly, in *People v. Yedinak*, the Third Department explained that "while

[§ 263.16] requires proof that the defendant knew of the character and content of

the performance, it also specifically requires that the defendant knowingly had the

sexual performance by a child in his or her possession or control." 157 A.D.3d 1052, 1053 (3d Dep't 2018). That court then held that evidence that the defendant "intentionally used two search terms that are commonly associated with files that contain child pornography, that [the] defendant admitted there may be child pornography found in his [computer] and that the file names of the files downloaded . . . from defendant's IP address contained explicit descriptions of the content" was "legally sufficient to support the element of knowledge regarding the content and character of the files for which defendant was convicted of possessing." *Id.* at 1054. Most recently, in *People v. Urtz*, the Third Department held that the defendant's "statements that he had, in fact, saved pornographic videos involving children," as well as his testimony that he "had recently changed his display name—'I like em' younger'—to omit '18 plus,'" supported the jury's finding that the defendant "knew of the character and content of the videos and image[] and knowingly possessed [and accessed] them." 176 A.D.3d 1485, 1489-90 (3d Dep't 2019) (alterations in original) (quoting *Henry*, 166 A.D.3d at 1292).

15

Quito nevertheless argues that, under § 263.16, the defendant must know only that he or she possesses sexually explicit and pornographic material, and need not know that the material is *child* pornography. If the government proves that the material involves a minor, Quito asserts, then the defendant is strictly liable. To support this argument, Quito relies on N.Y. Penal Law § 15.20(3), which states that "knowledge by the defendant of the age of [the] child" is not an element of § 263.16. However, § 15.20(3) establishes only that the government need not prove that the defendant knew the specific age of the minor to obtain a conviction under § 263.16. It has no bearing on § 263.16's requirement that the defendant "know[] the character and content" of the visual depiction, which, as explained above, requires that the defendant know that he or she possesses child pornography.

Quito also relies on a New York state trial court decision, *People v. Gilmour*, 177 Misc. 2d 250 (N.Y. Sup. Ct. 1998), to support his interpretation. The court in *Gilmour* stated that "[i]n order to obtain a conviction under [§ 263.16], a prosecutor

16

is . . . required to prove beyond a reasonable doubt that a defendant knows both the character *and* content of the material possessed." *Id.* at 255. It continued that "once knowledge is proven, a strict liability standard is imposed, provided that the prosecutor can also prove beyond a reasonable doubt that the child performer is less than 16 years of age." *Id.* Although the court used the phrase "strict liability," it also acknowledged that § 263.16 contains a scienter requirement—that the defendant know the character and content of the material he or she possesses. *See id.* As explained above, New York's intermediate appellate courts have consistently interpreted that scienter requirement to mean that the defendant must know the material is not just pornography, but child pornography. Thus, the court in *Gilmour* correctly noted that, if the defendant has that knowledge, he or she is guilty if the child is less than 16 years old, even if the defendant does not know the child's specific age. Quito has not cited a New York state case, and this Court is

17

not aware of one, where a defendant was found guilty under § 263.16 even though

he or she did not know that the material possessed was child pornography.[2]

Accordingly, because both § 263.16 and § 2252 require proof beyond a

reasonable doubt that the defendant knowingly possessed a visual depiction

involving the use of a minor, we hold that the knowledge requirements under the

statutes categorically match.

## B. Affirmative Defense

Quito also argues that § 263.16 sweeps more broadly than § 2252 because it

does not permit an affirmative defense that is available under § 2252.  Specifically,

§ 2252(c) allows an affirmative defense for an individual who possesses less than

three prohibited visual depictions and, without allowing anyone else to access

---

[2] Quito cites to three New York state court decisions that he asserts held that, under § 15.20(3), "a defendant's knowledge of the victim's age is not an element of the crime."  Pet'r's Br. 23 (first citing *People v. Dozier*, 72 A.D.2d 478, 485 (1st Dep't 1980); then citing *People v. Allen*, 2003 WL 22056858, at *3 (N.Y. Crim. Ct. Aug. 27, 2003); and then citing *People v. Prise*, 135 Misc. 2d 363, 369 (N.Y. Crim. Ct. 1987)).  None of these cases involved § 263.16 or any other offense relating to child pornography.

them, either promptly destroys them or turns them over to law enforcement. *See* 18 U.S.C. § 2252(c). Section 263.16 does not permit a similar affirmative defense.

Neither the Supreme Court nor this Court has directly addressed the role of affirmative defenses in the categorical approach. The Supreme Court has, however, repeatedly instructed courts to look only to the statutory definition— meaning the elements—of the relevant offense. *See, e.g., Mathis v. United States*, 136 S. Ct. 2243, 2248 (2016) (explaining that, under the categorical approach, courts "focus solely on whether the elements of the crime of conviction sufficiently match the elements of [the generic crime]"); *Descamps v. United States*, 570 U.S. 254, 261 (2013) (stating that "courts may 'look only to the statutory definitions'—*i.e.*, the elements—of a defendant's prior offenses" in applying categorical approach (quoting *Taylor v. United States*, 495 U.S. 575, 600 (1990))). "Elements" in this context "are the 'constituent parts' of a crime's legal definition—the things the 'prosecution must prove to sustain a conviction.'" *Mathis*, 136 S. Ct. at 2248 (quoting Black's Law Dictionary (10th ed. 2014)).

Given this guidance, those circuits to have considered this issue have concluded that affirmative defenses are not relevant to the categorical approach because they are not elements of an offense. *See United States v. Escalante*, 933 F.3d 395, 399-400 (5th Cir. 2019) (stating that "it is black letter law that an affirmative defense (or the absence thereof) is not the same thing as an element of the crime" and "reject[ing] Escalante's argument to consider different permissible affirmative defenses . . . when applying the categorical approach"); *United States v. Velasquez-Bosque*, 601 F.3d 955, 963 (9th Cir. 2010) (concluding that, because courts look to only the statutory definition of the offense, "[t]he availability of an affirmative defense is not relevant to the categorical analysis"); *cf. Donawa v. U.S. Att'y Gen.*, 735 F.3d 1275, 1282 (11th Cir. 2013) (rejecting argument that existence of affirmative defense warranted application of modified categorical approach because "[a]n affirmative defense generally does not create a separate element of the offense that the government is required to prove in order to obtain a conviction").

Quito argues that the Supreme Court's decision in *Moncrieffe* instructs otherwise. *Moncrieffe* involved a provision of the INA that defines as an aggravated felony any offense that the Controlled Substances Act ("CSA") makes punishable as a felony. 569 U.S. at 188. The petitioner was convicted under Georgia state law for possession of marijuana with intent to distribute. *Id.* at 188-89. In applying the categorical approach to determine whether that conviction was an offense that the CSA makes punishable as a felony, the Supreme Court considered an exception to felony treatment under the CSA that "makes marijuana distribution punishable only as a misdemeanor if the offense involves a small amount of marijuana for no remuneration." *Id.* at 189. Because the Georgia statute under which the petitioner was convicted criminalized conduct that fell within the CSA's exception to felony treatment, the Supreme Court held that the petitioner's conviction was not an aggravated felony under the categorical approach. *Id.* at 194-95 ("Moncrieffe's conviction could correspond to either the CSA felony or the CSA misdemeanor. Ambiguity on this point means that the conviction did not

'necessarily' involve facts that correspond to an offense punishable as a felony under the CSA.").

Contrary to Quito's assertions, the Supreme Court's decision in *Moncrieffe* did not alter the legal principle that courts are to focus on only the statutory definition of an offense in applying the categorical approach. Instead, the Court explained that "a generic federal offense may be defined by reference to both '"elements" in the traditional sense' and sentencing factors," *id.* at 198 (quoting *Carachuri-Rosendo v. Holder*, 560 U.S. 563, 572 (2010)), and the CSA's exception to felony treatment was relevant to that case only because "Congress . . . chose[] to define the generic federal offense by reference to punishment," *id.* at 195. Accordingly, we hold that, because they are not "elements" of an offense, affirmative defenses are not relevant to the categorical approach, and we decline to consider § 2252(c) here.

In sum, we conclude that § 263.16 categorically matches § 2252(a)(4)(B), and thus the agency correctly determined that Quito's conviction is an aggravated felony rendering him removable under 8 U.S.C. § 1101(a)(43)(I), (U).

## II. Waiver of Inadmissibility

Finally, we lack jurisdiction to review Quito's challenge to the agency's denial of a waiver of inadmissibility. Under the INA, our jurisdiction to review such discretionary decisions is restricted to colorable constitutional claims and questions of law. 8 U.S.C. § 1252(a)(2)(B)(i), (D). A colorable constitutional claim or question of law may arise "in fact-finding which is flawed by an error of law" or "where a discretionary decision is argued to be an abuse of discretion because it was made without rational justification or based on a legally erroneous standard." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (internal quotation marks omitted) (quoting *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006)). However, "the mere assertion that an IJ has 'abused his discretion' by 'incorrectly weigh[ing] the evidence, fail[ing] to explicitly consider

certain evidence, [or] simply reach[ing] the wrong outcome' does not itself establish a colorable 'constitutional claim' within the meaning of 8 U.S.C. § 1252(a)(2)(D), even if a petitioner 'dress[es] up' his claim in the language of due process." *Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006) (alterations in original) (quoting *Saloum v. U.S. Citizenship & Immigration Servs.*, 437 F.3d 238 (2d Cir. 2006)).

Quito fails to raise a colorable constitutional claim or question of law relating to the discretionary denial of his application for a waiver of inadmissibility. As noted earlier, the immigration judge assumed that Quito was eligible for a waiver of inadmissibility, but denied the waiver as a matter of discretion based on Quito's criminal history and his attempts to minimize his culpability for the child pornography conviction. The BIA agreed that denial of the waiver was warranted as a matter of discretion. In challenging this discretionary determination, Quito argues that the agency misinterpreted § 263.16 but, as explained above, the agency correctly interpreted that statute. Moreover,

the agency is not bound by the categorical approach in determining whether a petitioner warrants discretionary relief and may consider the facts and underlying conduct surrounding a given conviction. *See Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006). Quito's remaining arguments challenge how the agency weighed the evidence and balanced the hardships in his case, which are discretionary and factual issues that we lack jurisdiction to review. *See Xiao Ji Chen*, 471 F.3d at 329-30.

## CONCLUSION

Because we conclude that N.Y. Penal Law § 263.16 categorically matches § 2252(a)(4)(B), and because Quito's challenge to the agency's denial of his application for a waiver of inadmissibility fails to raise a colorable constitutional claim or question of law, we **DENY** the petition for review. The stay of removal that the Court previously granted is **VACATED**.