| NONPRECEDENTIAL DISPOSITION |
| --- |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted April 2, 2020[*]
Decided April 3, 2020

**Before**

DIANE P. WOOD, *Chief Judge*

JOEL M. FLAUM, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-2298

| | |
| --- | --- |
| EDUIN ISRAEL PEREZ-CASTILLO, *Petitioner*, | Petition for Review of an Order of the Board of Immigration Appeals. |
| *v.* | No. A213-021-626 |
| WILLIAM P. BARR, Attorney General of the United States, *Respondent*. | |

## O R D E R

Eduin Israel Perez-Castillo, a 41-year-old Guatemalan citizen who entered the United States without admission or inspection in 1996, challenges the denial of his application to cancel his removal. He contends that his removal will impose "exceptional and extremely unusual hardship" on his daughter, a U.S. citizen. *See* 8 U.S.C. § 1229b(b)(1)(D). An immigration judge and then the Board of Immigration

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Appeals concluded that he did not provide sufficient evidence of hardship. We lack jurisdiction to review his challenge to those discretionary determinations, so we dismiss his petition in part. We deny the remainder of the petition.

Several years after entering the United States, Perez-Castillo married and later had a daughter. In 2018, he was arrested for domestic-violence assault in the second degree, and his wife obtained a protective order. The Department of Homeland Security then charged him as removable. *See* 8 U.S.C. § 1182(a)(6)(A)(i).

Perez-Castillo sought cancellation of removal, asserting that his daughter, then age four, would suffer hardship if he were removed. At a hearing, he testified that his daughter was conceived by in vitro fertilization and, for this reason, in his view, she had trouble being alone.

The immigration judge denied Perez-Castillo's application. The IJ determined that Perez-Castillo had not shown that his daughter would suffer "exceptional and extremely unusual hardship," a prerequisite for cancellation of removal. *See* 8 U.S.C. § 1229b(b)(1)(D). She alternatively denied the application as a matter of discretion based on Perez-Castillo's "dangerous criminal history."

The Board of Immigration Appeals upheld the IJ's decision, agreeing that Perez-Castillo had not established that his removal would cause substantial hardship to his daughter. The Board noted that his daughter did not have any compelling educational or health issues. It also rejected a due-process challenge brought by Perez-Castillo because he failed to specify what aspects of his proceedings were unfair.

While this case was pending in our court, the government removed Perez-Castillo. That development does not moot this appeal, however, because a petitioner may still seek cancellation of removal even after having been removed. *See Carachuri-Rosendo v. Holder*, 560 U.S. 563, 573 n.8 (2010).

In his petition for review, Perez-Castillo charges generally that the denial of his application was "an abuse of discretion and legal error." We lack jurisdiction to review the agency's discretionary determination that an applicant failed to prove that his removal would cause "exceptional and extremely unusual hardship" to family members. 8 U.S.C. § 1252(a)(2)(B)(i); *Vidinski v. Lynch*, 840 F.3d 912, 915 (7th Cir. 2016). To the extent Perez-Castillo now contends (for the first time) that the IJ committed a legal error by overlooking evidence that he was the "sole earner" for his family, he

waived that issue by failing to raise it before the Board. *Perez-Fuentes v. Lynch*, 842 F.3d 506, 512 (7th Cir. 2016).

Perez-Castillo also raises two due-process arguments, which we do have jurisdiction to review. 8 U.S.C. § 1252(a)(2)(D); *Simental-Galarza v. Barr*, 946 F.3d 380, 383 (7th Cir. 2020). First, he contends that he was denied sufficient time to present proof of the extreme hardship that his daughter would suffer if he were removed. To prevail on this claim, however, Perez-Castillo would have to show what evidence he was prevented from submitting that "might have affected the outcome of the proceeding," *Perez-Fuentes*, 842 F.3d at 511, and he has identified none. Second, Perez-Castillo suggests that the IJ inappropriately considered his domestic-violence criminal charge, which he says is merely pending and not proven. The IJ mentioned Perez-Castillo's criminal history only in the context of denying cancellation of removal as a matter of discretion, however, and Perez-Castillo has no protected interest in that form of relief. *See Moosa v. Holder*, 644 F.3d 380, 385 (7th Cir. 2011).

We have considered Perez-Castillo's other arguments, and none has merit. Accordingly, the petition is DISMISSED in part for lack of jurisdiction and DENIED in part.