17-2622
*Ou v. Barr*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of April, two thousand twenty.

Present:
> BARRINGTON D. PARKER,
> DEBRA ANN LIVINGSTON,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

ZHIHUA OU,

> *Petitioner*,

> v.                                                          17-2622

WILLIAM P. BARR, United States Attorney General,

> *Respondent*.

_____

| | |
|---|---|
| For Petitioner: | YEVGENY SAMOKHLEB, Law Offices of Yevgeny Samokhleb, P.C., New York, NY |
| For Respondent: | KATHERINE A. SMITH, Office of Immigration Litigation, United States Department of Justice, Washington, DC |

**UPON DUE CONSIDERATION** of this petition for review of a Board of Immigration

Appeals ("BIA") decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that

1

the petition for review is **DISMISSED in part and DENIED in part**.

Petitioner Zhihua Ou, a native and citizen of China, seeks review of an August 8, 2017 decision of the BIA affirming an October 21, 2016 decision of an Immigration Judge ("IJ") denying Ou's request for asylum as time-barred and denying his request for withholding of removal and relief under the Convention Against Torture ("CAT") on the merits. *In re Zhihua Ou*, No. A 087-646-893 (B.I.A. Aug. 8, 2017), *aff'g* No. A 087-646-893 (Immig. Ct. New York Oct. 21, 2016). The government moves to dismiss in part for lack of jurisdiction and summarily deny in part Ou's petition for review. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Under the circumstances of this case, we consider both the IJ's and the BIA's opinions "for the sake of completeness." *Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

## I.    Asylum

An alien is ineligible for asylum "unless the alien demonstrates by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States." 8 U.S.C. § 1158(a)(2)(B). Our jurisdiction to review the agency's findings regarding the timeliness of an asylum application is limited to "constitutional claims or questions of law." 8 U.S.C. § 1252(a)(2)(D). For jurisdiction to attach, such claims must be colorable. *Quito v. Barr*, 948 F.3d 83, 93–94 (2d Cir. 2020).

Ou fails to raise a colorable constitutional question or question of law. Contrary to Ou's argument, the IJ did not commit legal error by requiring corroboration where none could reasonably be produced. *See Wei Sun v. Sessions*, 883 F.3d 23, 28 (2d Cir. 2018); *Diallo v. I.N.S.*, 232 F.3d 279, 287 (2d Cir. 2000). Rather, the IJ made an adverse credibility determination—a

2

factual finding, *see, e.g., Singh v. Barr*, 939 F.3d 457, 464 (2d Cir. 2019)—that Ou disputes. The IJ gave little weight to the testimony of Ou's alleged cousin because she had no personal knowledge of when Ou arrived in the United States. Likewise, the IJ declined to credit the testimony of another witness who claimed to have seen Ou in China in early December 2008 because of inconsistencies between her testimony and Ou's. In making these factual determinations, the IJ applied the relevant legal standards, permissibly weighed the evidence presented, and provided specific reasons for the ultimately adverse credibility determination, so Ou's contention that the IJ committed legal error is without merit. *See Hong Fei Gao v. Sessions*, 891 F.3d 67, 76–79 (2d Cir. 2018). Accordingly, we lack jurisdiction to review Ou's claim regarding the timeliness of his asylum application.

## II. Withholding of Removal and CAT Relief

As an initial matter, we deny the government's motion for summary denial because that is appropriate only in exceptional circumstances where a petition for review is "frivolous" or "presents no arguably meritorious issue." *Pillay v. I.N.S.*, 45 F.3d 14, 17 (2d Cir. 1995) (per curiam); *United States v. Davis*, 598 F.3d 10, 13 (2d Cir. 2010). Nevertheless, because Ou has filed a brief and has failed to articulate a legal basis to challenge the agency's decision, we construe the government's motion as its brief and dispose of Ou's petition on the merits. *See Ponnampalam v. Barr*, 769 F. App'x 25, 26 (2d Cir. 2019); *Mengquan Zhao v. Holder*, 438 F. App'x 2, 3 (2d Cir. 2011).

To qualify for withholding of removal under 8 U.S.C. § 1231(b)(3), an applicant must demonstrate "that it is more likely than not that he or she would be persecuted on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 C.F.R. § 1208.16(b)(2). To qualify for relief under the CAT, an applicant must show "that it is more

3

likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2). Ou argues that he has established a well-founded fear of persecution and, therefore, has also made out a *prima facie* case for relief. But he does not challenge the IJ's adverse credibility finding as to Ou's claim of persecution or his asserted adherence to Catholicism. These findings were the basis of the IJ's determination that Ou had failed to establish either past persecution or a fear of future harm. *See Jian Xing Huang v. U.S. I.N.S.*, 421 F.3d 125, 129 (2d Cir. 2005) ("In the absence of solid support in the record for [petitioner's] assertion that he will be [persecuted], his fear is speculative at best."); *see also Banegas Gomez v. Barr*, 922 F.3d 101, 109 (2d Cir. 2019). By not challenging the adverse credibility finding that undergirded the IJ's denial of relief, Ou effectively concedes that the IJ's conclusion was not erroneous. *See Y.C. v. Holder*, 741 F.3d 324, 336 (2d Cir. 2013) (deeming claim unsupported where IJ found petitioner's evidence not credible). Accordingly, we decline Ou's invitation to consider evidence that the IJ deemed not credible absent any argument that the underlying credibility finding was flawed.

\* \* \*

We have considered Ou's remaining arguments and find them to be without merit. The government's motion to dismiss is **GRANTED** but its motion for summary denial is **DENIED.** We **DISMISS in part and DENY in part** Ou's petition for review. As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**, and any pending motion for a stay of removal in this petition is **DISMISSED** as moot.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4