**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued July 8, 2020
Decided July 13, 2020

**Before**

DIANE P. WOOD, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-3460

| | |
|---|---|
| EUGENIUSZ WOJCIECHOWICZ, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals. |
| | |
| *v.* | No. A 029-604-552 |
| | |
| WILLIAM P. BARR, | |
| Attorney General of the United States, | |
| *Respondent*. | |

**O R D E R**

Eugeniusz Wojciechowicz, a 62-year-old citizen of Poland who moved to the United States more than three decades ago, sought a waiver of inadmissibility under 8 U.S.C. § 1182(h) after he was denied admission in 2019 for having been convicted of a crime involving moral turpitude. The immigration judge denied Wojciechowicz's application because he did not show extreme hardship and he failed to demonstrate that he merited a favorable exercise of discretion. The Board of Immigration Appeals, without reaching the question of hardship, upheld the decision to deny his application

as a matter of discretion. Because we lack jurisdiction to review Wojciechowicz's challenge to the Board's discretionary determination, we dismiss his petition.

## I.   Background

Wojciechowicz came to the United States in 1987 on a tourist's visa and has lived here ever since, working in construction. He married Irena Anchim in 1999 and became a lawful permanent resident in 2004. After the financial crisis in 2008, while working as a subcontractor for companies that sell windows (which he installed), Wojciechowicz double-billed for his work, stealing at least $100,000. In 2011, he pleaded guilty to two counts of theft by deception, 720 ILCS § 5/16-1(a)(2), (b)(6); theft by unauthorized control, 720 ILCS § 5/16-1(a)(1), (b)(6); and forgery, 720 ILCS § 5/17-3(a)(1), (d)(1). The court sentenced him to two years of probation and paid $87,000 in restitution.

In March 2019, after returning from a trip to Poland for his sister's funeral, Wojciechowicz was stopped at O'Hare International Airport and deemed inadmissible for having been convicted of a crime involving moral turpitude. 8 U.S.C. § 1182(a)(2)(A)(i)(I). He then sought a waiver of inadmissibility under 8 U.S.C. § 1182(h). Under § 1182(h)(1)(B), the Attorney General may waive the ground of inadmissibility applicable to Wojciechowicz (the crime of moral turpitude) if denial of admission would result in extreme hardship to a lawfully resident family member. *See Palma-Martinez v. Lynch*, 785 F.3d 1147, 1149 (7th Cir. 2015).

At a hearing before the immigration judge in June 2019, Wojciechowicz and his wife (a United States citizen) testified about his application for a waiver of inadmissibility, describing the extreme hardship that she and their two children (also United States citizens) would suffer if he were removed. Wojciechowicz testified that he was the sole income-earner for his family. Irena had stopped working when she married him in 1999, choosing to raise their children, manage the family's finances, and care for her physically and mentally disabled brother who lived nearby. She also suffered depression, for which she took medication. Wojciechowicz, who paid for his daughter's college tuition, opined that her studies "would be over" if he were removed. Also, his family could not follow him to Poland because his children do not speak Polish. Indeed, the family had "nothing" in Poland; he had only one surviving sister there and no property.

After a hearing, an immigration judge denied Wojciechowicz's application for a waiver. The judge explained first that, although she was sympathetic to

Wojciechowicz's concerns, neither a "change in the family's standard of living" nor the emotional hardship commonly experienced by separated families rose to the requisite level of "extreme hardship." The judge added that she had "considered all of the proposed hardship factors in Respondent's case in aggregate." In the alternative, the judge also denied the waiver as a matter of discretion based on the seriousness of Wojciechowicz's financial crime. She acknowledged his positive equities—his lengthy stay in the United States, the hardship that his three United States citizen family members would experience, and the fact that he had completed his criminal sentence—but found these "heavily" outweighed by the seriousness of his scheme that lasted at least three years and bilked a construction company of more than $100,000. *See* 8 C.F.R. § 1212.7(d) ("[D]epending on the gravity of the alien's underlying criminal offense," even extreme hardship might not warrant a favorable exercise of discretion.).

The Board of Immigration Appeals upheld the immigration judge's decision to deny Wojciechowicz's application as a matter of discretion and dismissed the appeal. Like the immigration judge, the Board noted the considerations that weighed in his favor (his 30 years living in the United States, his business ownership, his marriage to a United States citizen and their two United States citizen children, as well as the sentence he already had served and the $87,000 in restitution he had paid) but found these outweighed by his years-long fraudulent scheme that ended only when he was confronted by the construction company's owner. This was a "very serious adverse factor." The Board did not reach the issue of hardship.

## II. Analysis

In this petition, Wojciechowicz challenges the denial of his application for a waiver on two bases. First, he argues that the immigration judge's decision, as supplemented by the Board's,[1] was flawed because she failed to apply "required" discretionary factors in denying his application as a matter of discretion. Second, he argues that the immigration judge failed to weigh cumulatively the hardship factors, including his age, his clean postconviction record, his family's ties to the United States, and his wife's depression.

As a threshold matter, we lack jurisdiction to consider the agency's discretionary denial of a request for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *Id.*

---

[1] When, as here, the Board dismisses an appeal from an immigration judge's decision and supplements that decision, this court reviews both decisions together. *Simental-Galarza v. Barr*, 946 F.3d 380, 383 (7th Cir. 2020) (per curiam).

§ 1252(a)(2)(B)(i); *Cisneros v. Lynch*, 834 F.3d 857, 861–62 (7th Cir. 2016). Indeed, unless a constitutional or legal question is present, we lack authority to review the Attorney General's discretionary denial of this waiver. *Simental-Galarza*, 946 F.3d at 383; *Cisneros*, 834 F.3d at 861–62.

Neither of Wojciechowicz's arguments raises a legal question. First, his argument that the Board did not apply requisite discretionary factors boils down to an argument that just one factor weighs against him and many weigh in his favor, and that is tantamount to asking this court to reweigh the discretionary factors. *See Papazoglou v. Holder*, 725 F.3d 790, 794–95 (7th Cir. 2013); *Khan v. Mukasey*, 517 F.3d 513, 517 (7th Cir. 2008); *see also Quito v. Barr*, 948 F.3d 83, 93–94 (2d Cir. 2020).

Second, Wojciechowicz cannot manufacture a legal argument by asserting that the immigration judge (and the Board, by not reaching the question) failed in the hardship analysis to consider certain material facts—such as his rehabilitation and restitution or his wife's depression. Although Wojciechowicz tries to cast this issue as a legal error, it is in essence a challenge to the agency's exercise of discretion and thus one that the panel may not review. *Cisneros*, 834 F.3d at 866. An immigration judge (or the Board for that matter) is not required to evaluate each factor in checklist fashion. *Id*. While a "wholesale failure to consider evidence" would be a legal error, *id*. (citations omitted), the immigration judge did not ignore "wholesale" his evidence of hardship. And even though the Board declined to reach the issue of hardship (having found the overall discretionary determination dispositive), it highlighted several of the factors that Wojciechowicz insists it should have considered—his residence in the United States since 1987, his longstanding business ownership, his 20-year marriage to a United States citizen, his two United States citizen children, and his payment of $87,000 in restitution.

For these reasons, we DISMISS the petition for lack of jurisdiction.